## 27844. COWETA BONDING COMPANY v. CARTER et al.

UNDERCOFLER, Justice. This appeal is from the denial of a motion to set aside the forfeiture of a criminal appeal bond and an injunction restraining W. W. Craven and the Coweta Bonding Co. from writing bonds in Coweta County and the Coweta Judicial Circuit. The record contains little information. There is a printed standard form appearance bond dated April 15, 1971 signed by J. D. DePalma as principal and Coweta Bonding Co. and W. W. Craven. The condition requires that the principal answer the offense of "Armed Robbery (Appeal)" on the first Monday of September, 1971, and from day to day and term to term thereof until discharged by law. The bond was not approved on its face. It was filed February 5, 1972. There was a rule nisi to forfeit the bond dated February 9, 1972. There was an order of the superior court at the March, 1972, term making the rule nisi absolute. This was filed March 16, 1972. On June 26, 1972, a motion to set aside the judgment was filed. It alleged that the bond was void because it was not approved by the clerk of the court, was not in the form required by statute in the case of an appeal, and that it was not filed with the clerk until five months after the time specified for

appearance and nine months after its date. The only other item in the record is the order of the judge which is appealed here. *Held:*

1. This court can not consider factual representations in the appellant's brief which do not appear on record.

2. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). Appellant contends the bond is void because it was not approved on its face. See Code Ann. § 6-1001 (Ga. L. 1965, pp. 18, 22). We do not agree. ". . . [T]he approval of a bail bond or of a recognizance need not be endorsed on it, in order to render it valid, as it will be presumed that it has been duly accepted and approved by the proper officer; and the fact of approval may be shown by other evidence than the existence of the word 'approved' written on the instrument. The laws of this state do not make essential any endorsement of approval or acceptance of the bond." *Parks v. Hardwick,* 158 Ga. 71, 73 (122 SE 553).

Assuming that acceptance of the bond must be shown in forfeiture proceedings, it is an amendable defect which can not be raised on a motion to set aside the judgment. See *Fields v. Arnall,* 199 Ga. 491, 494 (34 SE2d 692). See also *Jones v. Gordon,* 82 Ga. 570 (9 SE 782).

3. Appellant contends the bond is invalid because it is not conditioned on the defendant answering the final judgment on appeal but on appearing on the first Monday of September, 1971, to answer for a charge for which he had already been convicted, and requires him to appear before the remittitur of the appellate court is returned to the trial court contrary to Code Ann. § 6-1001. We do not agree. The defendant is bound to appear on the date specified and "from day to day and term to term until discharged by law" and shows that it is an armed robbery appeal. Code Ann. § 6-1001

authorizes an appeal bond "conditioned upon the defendant's personal appearance to abide the final judgment or sentence." The correct rule is that a criminal bond should be construed with reasonable strictness and a surety should not be required to fulfill any conditions he did not covenant to perform but the intention as expressed by the parties should be enforced. *Vaughan v. Candler,* 113 Ga. 9, 11 (38 SE 352); *Green v. Russell,* 176 Ga. 354, 358 (168 SE 65); 8 CJS 186, § 62. In our opinion the bond here shows with sufficient clarity to be enforced that it is an appeal bond for the purpose permitting the defendant his freedom pending an appellate review of his conviction for armed robbery.

4. We find no error in the delayed filing of the bond.

5. Appellant contends that the trial judge erred in prohibiting W. W. Craven and the Coweta Bonding Company from "writing bonds in Coweta County and within the Coweta Judicial Circuit" in the order denying his motion to set aside. We agree. This was not an issue in the bond forfeiture proceedings. The record does not show that either W. W. Craven or the Coweta Bonding Company was given notice that any action was pending in this regard or that they were afforded a hearing thereon. We have found no authority which sustains the trial court's injunction here without due process nor has any been cited by the appellee who made no appearance in this court either by brief or oral argument. We hold that the trial court erred in prohibiting W. W. Craven and the Coweta Bonding Company from writing bonds in Coweta County within the Coweta Judicial Circuit. Code § 24-2616 (4).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED APRIL 9, 1973—DECIDED MAY 10, 1973.

*Charles Van S. Mottola, Charles L. Goodson,* for appellant.