58315. KONSCOL v. KONSCOL.

UNDERWOOD, Judge.
This is an appeal from an order of support entered against appellant pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), Code Ann. Ch. 99-9A. We affirm.

1. Appellant, apparently referring to Code Ann. § 30-220 providing for revision of judgments for permanent alimony, asserts that an URESA action cannot be used to revise a foreign alimony decree within two years of a prior revision. However, that section provides that "[n]o petition [for revision] may be filed by either former spouse *under this law* [Code Ann. §§ 30-220 through 30.225.1] within a period of two years from the date of the filing of a previous petition by the same former spouse." (Emphasis supplied.) While it was held in *Lamb v. Lamb,* 241 Ga. 545 (246 SE2d 665) (1978) that a petition for revision could not be brought pursuant to Code Ann. § 30-220 et seq., within two years of a prior URESA action which had sought the same relief, the converse does not hold true since § 30-220, by its terms, imposes no limitation upon the bringing of subsequent URESA actions.

In any event appellant fails to show by the record any prior revision of the foreign judgment, and "[t]his court can not consider factual representations in the appellant's brief which do not appear on record." *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281) (1973). Accord, *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686) (1977). Accordingly no reversible error appears.

2. While appellant's motion for new trial was pending our Supreme Court, pursuant to Orr v. Orr, — U. S. — (99 SC 1102, 59 LE2d 306) (1979), held our alimony statutes unconstitutional because they "impose alimony obligations on husbands but not wives and violate the Equal Protection Clause . . ." *Stitt v. Stitt,* 243 Ga. 301 (253

SE2d 764) (1979). Appellant then amended his motion for new trial to make, for the first time, a constitutional attack upon URESA.

That, unfortunately for appellant, was too late. " 'The constitutionality of no law can be drawn in question for the first time in a motion for new trial . . . ,' " *E. P. v. State of Ga.,* 230 Ga. 770, 771.(199 SE2d 313) (1973), and "[t]he fact that the alimony laws were declared unconstitutional pending his appeal, Orr v. Orr, supra, *Stitt v. Stitt,* supra, does not require a different result." *Kosikowski v. Kosikowski,* 243 Ga. 413 (254 SE2d 363) (1979); followed in *Kirkpatrick v. Woodruff,* 243 Ga. 736 (256 SE2d 465) (1979) (contempt proceedings).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted September 24, 1979 — Decided October 11, 1979.

*G. Hughel Harrison,* for appellant.
*W. Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.