60679. HARRISON v. PIEDMONT HOSPITAL, INC. et al.

BANKE, Judge.
The appellant sued for damages for loss of consortium, alleging that her husband's genitals had been injured in an attack by a perverted operating room technician during the course of an operation on his knee. The defendants, appellees on appeal, are the hospital in which the operation took place and the surgeon who performed it. The complaint was later amended to allege additional loss of consortium caused by a foreign object left in the knee during the operation; however, this claim was dismissed as *res judicata* on motion for summary judgment, based on an adjudication made in another lawsuit that the statute of limitation had run on it. The case proceeded to trial on the genital injury claim, and the trial court granted what amounted to judgment notwithstanding the verdict in favor of the appellees after the jury returned a verdict in favor of the appellant in the amount of $1,000. This appeal is from that judgment.

Both the record and the transcript before us are fragmentary, as the appellant requested the clerk of the trial court to transmit only a

few selected items. Appellant's counsel offered the trial court a "Transcript of Evidence and Proceedings Prepared from Recollection" for inclusion in the record in lieu of an actual trial transcript; however, the trial court disallowed it both because it did not "completely, accurately or fairly contain what transpired" at trial and. because of his conclusion that, under Code Ann. § 6-805, a transcript cannot be prepared from recollection where the case has been reported and the reporter's notes are available for transcription. The court nevertheless issued its own summary of what had transpired at the trial and at the pre-trial hearing.

It appears from the court's summary that the theories of liability upon which the case was tried were that the hospital was negligent in having the operating room technician on its staff, that the surgeon was negligent in failing to exercise proper supervision over him during the course of the operation, and that both appellees engaged in a subsequent conspiracy to conceal their knowledge of the attack from the appellant and her husband. *Held:*

1. The trial court did not err in disallowing the transcript prepared by appellant's counsel. Code Ann. § 6-805 (c), (d), and (g) authorizes the submission of a transcript prepared from recollection only where the trial has not been reported or where, for some other reason, an actual transcript is not obtainable. The trial in this case was reported, and there is no indication that the reporter's notes were unavailable for transcription. The appellant contends that the transcript was unavailable to her because she could not afford it; however, even assuming *arguendo* that this contention would otherwise have merit, there is no evidence before us to support it. In any event, the trial court, which is the final arbiter of the correctness of a transcript prepared from recollection (see Code Ann. § 8-805 (g)), expressly determined that the one submitted by the appellant's counsel was not accurate.

2. For the reasons stated in Division 1, we must accept the trial court's determination that the evidence would not support a finding that the appellees were negligent in hiring and supervising the technician or that the physician was negligent in failing to observe the attack in time to prevent it. We must further accept the court's determination that there was no evidence that the appellees conspired to conceal either their knowledge that the attack had taken place or the fact that the technician was later fired for assaulting another male patient. Therefore, we have no basis upon which to reverse the trial court's decision to override the jury's verdict.

3. In view of the foregoing, the appellant's contention that the court erred in refusing to strike one of the prospective jurors for cause is moot, as is the enumeration of error directed to the court's refusal

to give a requested charge.

4. The appellant's claim that the trial court erred in granting summary judgment to the appellees on the foreign object claim is also without merit. In a previous suit by the appellant against the same defendants, the court ruled that the claim was barred by the statute of limitation. That judgment was never appealed, and the issue thus became *res judicata*. See generally *Wren Mobile Homes v. Midland Guardian Co.*, 117 Ga. App. 22, 26 (159 SE2d 734) (1968).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 5, 1980 — DECIDED OCTOBER 6, 1980 — REHEARING DENIED OCTOBER 20, 1980.

*James W. Lewis,* for appellant.
*Robert Tanner,* for appellees.