### 44188. PATTERSON v. THE STATE.
(353 SE2d 338)

GREGORY, Justice.

John Webster Patterson was convicted of the murder of Walter Lee Green and sentenced to life imprisonment.[1] The evidence at trial showed that Patterson and the victim shared a room in the home of George Meriwether. On May 3, 1986, Patterson discovered his television set was missing. He repeatedly accused the victim of taking it; each time the victim denied knowing what had happened to the television. It is undisputed that Patterson then drew a gun on the victim and shot him three times. Patterson testified that the victim cursed at him, then reached into his pocket. Patterson stated he shot the victim out of fear that the victim was reaching for a weapon. The victim died as a result of the gunshot wounds.

Two eyewitnesses testified that the victim did not threaten or curse the defendant, and did not reach into his pocket prior to being shot by Patterson.

1. Under the evidence presented at trial a rational trier of fact was authorized to find the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The murder was committed on May 3, 1986, and the defendant indicted on July 25, 1986. The defendant was convicted on November 13, 1986, and sentenced that same day. No motion for new trial was filed. The transcript was certified by the court reporter on December 17, and docketed in this court on December 22, 1986. The case was submitted to us on briefs on February 6, 1987.

2. The closing arguments of the parties were not recorded. In an attempt to supplement the record Patterson's attorney has filed an affidavit stating that during the State's closing argument, the assistant district attorney and court reporter were permitted, over Patterson's objection, to reenact the shooting of the victim. Patterson says the court reporter, an employee of the trial judge, should not have been permitted to participate in the reenactment as the jury may have believed the trial judge condoned the reenactment. Patterson's attorney also states in his affidavit that the trial court erred in sustaining the State's objection to Patterson's attempt to explain malice aforethought to the jury during the closing argument of the defense.

The State points out that since closing arguments were not recorded, there is no record to support Patterson's position that these events occurred. Furthermore, the State maintains Patterson has failed to follow the proper procedure for supplementing the record, and therefore there is nothing for this court to consider on appeal. *Ledesma v. State*, 251 Ga. 487 (8) (306 SE2d 629) (1983).

The defendant states that he moved for recordation of closing arguments, but that the trial court denied his motion. See OCGA § 17-8-5. As the defendant has not enumerated the denial of this motion as error, it is unnecessary for us to decide whether he was entitled to recordation. Rather, the issues raised are "deemed abandoned" by the defendant's failure to supplement the record by any of the methods approved under OCGA § 5-6-41 (f).[2] *Ledesma*, supra at 490; *Zachary v. State*, 245 Ga. 2 (262 SE2d 779) (1980).

3. Patterson argues the trial court erred in admitting certain photographs of the crime scene because a neighbor had turned over the victim's body prior to the arrival of police officers, and therefore the photographs did not accurately depict "the scene of the shooting." It is clear from the record, however, that the photographs in question were offered to show the crime scene as it existed when police officers arrived, and the photographs were therefore admissible. *Finney v. State*, 253 Ga. 346 (4) (320 SE2d 147) (1984). Furthermore, there was evidence before the jury that the body had been moved prior to the arrival of police, making it unlikely the jury was misled by the pur-

---

[2] OCGA § 5-6-41 (f) provides, "Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth. If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court. The trial court or the appellate court may at any time order the clerk of the trial court to send up any original papers or exhibits in the case, to be returned after final disposition of the appeal."

pose or contents of the photographs.

4. Patterson maintains the trial court erred in not giving his request to charge on justification. However, we find no error as the trial court's charge on justification was adjusted to the evidence, and adequately covered the principles of law contained in Patterson's request to charge. *Forney v. State*, 255 Ga. 316, 319 (338 SE2d 252) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1987.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.

