## 75397. HUDSON v. THE STATE.
### (364 SE2d 635)

BIRDSONG, Chief Judge.

Appellant, Stephen George Hudson, appeals his conviction for trafficking in cocaine. *Held*:

1. Appellant's first enumerated error is that the trial court erred in failing to grant the motion for a "new jury" based on the fact that there were no blacks on the panels for which the jurors were selected. At trial appellant's counsel objected to the makeup of the county's jury list and made an oral motion for a continuance to obtain a new jury, as the jury panel had no blacks on it and the appellant was black. This form of challenge of the jury array has been found sufficient to preserve the issue for appeal. See *Mincey v. State*, 180 Ga. App. 263 (349 SE2d 1). Appellant did not challenge the "method" used to select the jury, but did reserve with consent of the trial judge the right to subsequently insert into the trial record statistical information concerning the racial demographics of the county. Although both the appellant and the appellee have referred to statistical data concerning county racial demographics in their briefs, no such information has been inserted into the record in any acceptable form. We have consistently warned counsel that this court cannot consider factual representations contained in appellate briefs when such evidence does not appear on the record. See *Coweta Bonding Co. v. Carter*, 230 Ga. 585 (1) (198 SE2d 281); *Konscol v. Konscol*, 151 Ga. App. 696 (1) (261 SE2d 438). We see no reason to depart from this sound rule.

Accordingly, this court is left with the question of whether the mere fact that a jury panel contains no black members when the accused is black will, standing alone, support a challenge to the array and warrant the granting of a motion for a new jury. The answer is no. A defendant is entitled to a panel of qualified jurors, not a panel of preferred jurors. See *Smith v. State*, 245 Ga. 205, 208 (5) (264 SE2d 15). It is presumed that public officials perform their duties lawfully, and in good faith. (*York v. Miller*, 168 Ga. App. 849 (310

SE2d 577)); accordingly, it is initially presumed that a jury is selected in accordance with constitutional and statutory requirements. Once, however, the defendant establishes a prima facie case of racial discrimination in jury selection the burden of going forward shifts to the prosecution to explain the State's conduct and to demonstrate that racially neutral criteria, in fact, prompted the challenged conduct. See generally *Gamble v. State*, 257 Ga. 325 (357 SE2d 792). The requirements for establishing a prima facie case of jury discrimination are found in numerous reported cases. See generally *Bowen v. State*, 244 Ga. 495, 500 (260 SE2d 855); *Barrow v. State*, 239 Ga. 162 (2) (236 SE2d 257). Appellant has failed to meet this criteria and has not established a prima facie case of racial discrimination in the makeup of the jury. Compare *Barrow*, supra, with *Pass v. Caldwell*, 231 Ga. 192 (200 SE2d 720).

2. Appellant's second enumerated error is that the trial court erred in failing to grant appellant's motion for a directed verdict. The appellant's contention is without merit. A motion for a directed verdict in a criminal trial should only be granted where there is no conflict in the evidence at trial and the evidence demands a verdict of acquittal as a matter of law. *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). The state of the evidence in this case was in conflict, and did not demand a verdict of acquittal notwithstanding the circumstantial nature of the prosecution's case. Further, our review of the transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 11, 1988.

*Lillian L. Neal*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.