## 75507. JONES v. THE STATE.
### (365 SE2d 153)

BIRDSONG, Chief Judge.

Appellant, Bobby Lewis Jones, was convicted of two counts of armed robbery, two counts of simple assault, and one count of burglary. Appellant asserts two enumerated errors in his appeal. *Held*:

1. Appellant's first enumerated error is that the trial court erred in failing to grant appellant's motion for directed verdict notwithstanding the verdict. Specifically, appellant asserts that he was prejudiced when he was compelled in open court to resist the request of a sworn and seated juror to be excused to take care of an elderly lady, as the juror then became aware that her excusal request was denied due to appellant's opposition thereto. At the onset we note that the trial transcript fails to disclose the sequence of events alluded to in appellant's brief. Assertions of fact made in briefs of counsel but not supported by the trial record or transcript, as appropriate, do not constitute evidence which this court can consider on appeal. See *Konscol v. Konscol*, 151 Ga. App. 696 (1) (261 SE2d 438). If the appellant had desired that the trial transcript accurately reflect what transpired concerning this matter, he could have made timely motion to the trial judge to cause a transcript of these matters to be prepared. OCGA § 5-6-41 (d). In view of the state of the trial transcript, we find this enumerated error to be without merit. See *McKenzey v. State*, 125 Ga. App. 508 (3) (188 SE2d 116).

Further, we are satisfied that the state of the evidence in this case is not such as to demand a verdict of acquittal. See *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). Moreover, our review of the transcript "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's second enumerated error is that his motion to merge Counts III and IV of the indictment (simple battery of Bernadette Hying and Leo Hying, respectively) into Counts I and II thereof (armed robbery of Bernadette Hying and Leo Hying respectively) should have been granted by the trial judge. Appellant specifically asserts that the simple battery supporting his conviction under Counts III and IV had to be the touching of the two victims when the perpetrators were taking items from them, and as such that each simple battery is included, as a matter of fact, in its corresponding greater offense of armed robbery. In *Haynes v. State*, 249 Ga. 119 (2) (288 SE2d 185), the Supreme Court stated: "In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime . . . look to the actual evidence introduced at trial. . . . [I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact." Applying this test to the facts of this case, we are satisfied that the two simple assaults were separate offenses and were not merely lesser included offenses, within the meaning of OCGA § 16-6-1, of the respective armed robbery charges. Accordingly, we find that the trial judge did not err in denying appellant's motion to merge.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1988.

*Linda S. Cowen*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.