A89A1847. WILLIAMSON v. THE STATE.
(390 SE2d 658)

BEASLEY, Judge.

Defendant appeals his convictions for speeding, OCGA §§ 40-6-181 and 40-6-183, driving under the influence of alcohol, OCGA § 40-6-391, and being a habitual violator, OCGA § 40-5-58.

His five enumerations of error are that the trial court erred: 1) by denying his motion for mistrial based on the contention that the jury panel was present while a plea of guilty was taken; 2) in allowing three State's exhibits to be introduced into evidence over objection as to the adequacy of their proof; 3) in allowing two State's exhibits to be introduced over objection that they constituted hearsay and violated the best evidence rule; 4) in denying defendant's motion for directed verdict as to the charge of habitual violator on the ground that the State's evidence of notice to defendant was conflicting; 5) in overruling defendant's motion for directed verdict on the charge of driving under the influence of alcohol because the State failed to prove the operator was certified on the Intoximeter 3000.

1. During a break in voir dire but with the entire panel present,

the trial court took the guilty plea of another defendant in a case wholly unconnected with that of defendant. After the panel of twelve was selected, defendant objected and sought to have a mistrial declared.

The case on which defendant relies, *Hayes v. State*, 136 Ga. App. 746 (1) (222 SE2d 193) (1975), involved the taking of a codefendant's guilty plea in the presence of the entire jury panel from which the jury was selected. This court recognized the principle that a codefendant's guilty plea is not admissible in evidence and that permitting the entire panel to observe the taking of the plea circumvented the rule. That case is not controlling because no codefendant is here involved and there is nothing to show that the other case had any similarity to the defendant's case.

Moreover, defendant's waiting until the panel of twelve was selected cannot be condoned. *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367) (1983).

2. Defendant contends that because three card certificates showing the arresting officer was authorized to operate radar had only expiration dates, ending 12-31-86, 12-31-88 and 12-31-90 respectively, this did not show the officer was certified to operate radar on September 4, 1987, when defendant was arrested.

The officer testified that he believed each card was good for a two-year period. We find the argument used in support of the enumeration of error to be specious.

3. Defendant asserts that documents allowing radar operation within the city limits of Fayetteville were not authenticated by the proper authorities and thus were subject to exclusion on the grounds of hearsay and the best evidence rule.

The documents were admissible under OCGA §§ 24-7-20 and 24-5-26. See also OCGA Ch. 40-14; OCGA § 24-3-14 and *Wiggins v. State*, 249 Ga. 302, 305 (2) (c) (290 SE2d 427) (1982).

4. Although there were conflicts in the State's evidence as to the date on which defendant's five-year revocation as a habitual violator began, the State offered an explanation as to why this was so and demonstrated which document contained the correct date, December 13, 1982. Defendant's contention that he was entitled to a directed verdict on the habitual violator charge is meritless. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant was driving within the five-year period of revocation. See OCGA § 40-5-58. See also *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984).

5. Defendant contends a directed verdict should have been granted to him on the charge of driving under the influence because the document offered by the State failed to reveal the officer was certified to operate the Intoximeter 3000.

The officer's testifying as to his authority to operate the machine in question was sufficient. *Wallace v. State*, 188 Ga. App. 77, 79 (4) (371 SE2d 914) (1988); *Clarke v. State*, 170 Ga. App. 852 (319 SE2d 16) (1984).

*Judgments affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 8, 1990.

*Joseph J. Saia*, for appellant.

*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney*, for appellee.