## A91A1168. GREER v. THE STATE.
### (412 SE2d 843)

Pope, Judge.

Defendant appeals his conviction on two counts of child molestation and one count of simple battery.

1. Defendant asserts that the trial court erred by allowing the State to present evidence of defendant's prior conviction in Texas. "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact." *Oller v. State*, 187 Ga. App. 818, 819-820 (371 SE2d 455) (1988). See *Johnson v. State*, 242 Ga. 649 (3) (250 SE2d 394) (1978). Before evidence of similar crimes "is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. [Cit.]" *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270) (1987). Both of those factors are met in this case. It is undisputed that the defendant was the perpetrator of the independent crime. Also, as in the case sub judice, the defendant was convicted in Texas of molesting young girls. Accordingly, the trial court properly allowed evidence concerning the similar transaction. *Tilley v. State*, 197 Ga. App. 97 (2) (397 SE2d 506) (1990).

2. Defendant further argues that the Texas conviction should not have been admitted because after he had successfully completed the probationary period to which he was sentenced, the trial court entered an order which in pertinent part provided that "said conviction shall not appear on his record for any purpose except that proof of said conviction shall be known to the Court should the Defendant again be convicted of any criminal offense." Thus, defendant contends that because the Texas conviction was in effect dismissed, the trial court did not afford full faith and credit to the order of the Texas court by allowing the conviction to be introduced. The Full Faith and Credit Clause of the United States Constitution requires that when a judgment of a court of one State is sued on, pleaded, or introduced in evidence in another state, the judgment shall be entitled to the same full faith, credit, and respect that it is accorded in the state in which it is rendered. *Signet Bank/Virginia v. Tillis*, 196 Ga. App. 433, 434-435 (396 SE2d 54) (1990).

Thus, a Georgia court must accord defendant's Texas conviction the same credit that a Texas court would. A review of the Texas stat-

ute in question reveals that Texas would not have admitted the conviction during the adjudication of guilt phase of the trial but would have allowed the conviction to be considered on the issue of penalty. Accordingly, the trial court should have only allowed the prior Texas conviction to be considered on the issue of penalty.

Although the trial court should not have allowed the conviction to be introduced into evidence, "[a] conviction will be affirmed despite . . . error if the error is harmless beyond a reasonable doubt. [Cit.]" *Vaughn v. State*, 248 Ga. 127, 131 (2) (281 SE2d 594) (1981). When determining if error is harmless error, the test is not whether there was sufficient evidence on which the defendant could have been convicted but whether the evidence complained of may have influenced the verdict. Id. As our Supreme Court noted in *Vaughn*, "[o]verwhelming evidence of the defendant's guilt can negate the possibility that the . . . error contributed to the conviction. [Cit.]" Id. at 131-132.

There was overwhelming evidence of defendant's guilt in this case. Both girls that the defendant was accused of molesting testified against him and were able to corroborate each other's testimony, because most of the conduct in question occurred while both girls were present in the same room. The mother of the girls corroborated their testimony by testifying as to what the girls told her on the day of the alleged molestation. This testimony was further corroborated by the detective who investigated the case and the arresting officer. Furthermore, there were three witnesses at trial who testified concerning the incident of child molestation in Texas, including the victim. Thus, even though the dismissed conviction should not have been admitted into evidence, there was sufficent distinct evidence of that incident for the jury to consider. In light of the overwhelming evidence in this case, we hold that the introduction of the Texas conviction was harmless error beyond a reasonable doubt.

3. Defendant next contends that because the entire package concerning his conviction in Texas was admitted at trial, this case must be reversed. Although trial counsel objected to the admission of the similar transaction, he told the trial judge that he had "no specific objection to what is in the package. I think the package needs to go in in its entirety if it goes in." Thus, to the extent this was error, it was self-induced, and provides no basis for reversal. *Fitzgerald v. State*, 193 Ga. App. 76, 78 (7) (386 SE2d 914) (1989).

4. Defendant finally contends that the trial court erred in overruling his objections to testimony of witnesses concerning the similar transaction occurring in Texas, who related the statements of the victim, who was seven years old at the time of the event. Defendant contends that the criteria for admissibility under OCGA § 24-3-16 were not met because the victim was 15 at the time she testified at defend-

ant's trial. OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." It is plain from the face of that statute that the age of the child at the time the witness testifies is irrelevant as long as the child's statement about which the witness testifies was made while the child was under 14 years of age. The witnesses testified about statements made by the victim when she was seven years old. Thus, we find no merit in this argument.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 17, 1991 —
RECONSIDERATION DENIED NOVEMBER 8, 1991 — 

*Alan J. Baverman*, for appellant.
*Thomas J. Charron, District Attorney, Rose L. Wing, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.