## A91A1389. STULDIVANT v. THE STATE.
(413 SE2d 247)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. The State called as one of its witnesses the investigating officer to whom appellant had given an inculpatory statement. Before this witness was allowed to testify as to appellant's statement, a Jackson-Denno hearing was held. The trial court ruled that the statement was admissible and, on direct examination, the witness testified to its contents. On cross-examination, appellant's counsel asked what had been meant by the witness' testimony that appellant "appeared" to have understood his constitutional rights. The witness responded that appellant had said "that he had been through this before." Appellant's counsel moved for a mistrial, urging that the testimony was inadmissible on various grounds. The denial of this motion is enumerated as error.

OCGA § 17-7-210 (c) provides that the State's failure to provide a copy of a defendant's in-custody statement serves to preclude the State from using the statement in its case-in-chief or in rebuttal. "The record . . . discloses that the [S]tate did not use the statement here complained of in either its case-in-chief or in rebuttal. Rather, said statement entered the record as a response to a question posed to the [investigating] officer by appellant's counsel on cross-examination." Henson v. State, 168 Ga. App. 210, 212 (2) (308 SE2d 555) (1983). See also Adams v. State, 197 Ga. App. 81 (397 SE2d 497) (1990). Appellant suggests that, if his counsel had been provided a copy of the statement attributed to him, she would have known not to ask the question of the witness. However, counsel for the State indicated that he was no more aware of the statement attributed to appellant than was appellant's counsel and it is undeniable that, prior to eliciting the testimony before the jury, appellant's counsel had had the opportunity in the Jackson-Denno hearing to pursue the topic of whether appellant had freely and voluntarily given his statement. Under these circumstances, the testimony was not erroneously used by the State in violation of OCGA § 17-7-210, but was inadvertently elicited as the result of a trial tactic employed by appellant's counsel. " 'Counsel asked a question which left the field wide open for a reply such as was given and counsel can not complain of the outcome.'

[Cits.]" *Adams v. State*, supra at 82.

Likewise, a mistrial was not mandated on the ground that the testimony was otherwise inadmissible. " ' "The ground [here] complaining of the admission of certain testimony of a witness for the State is without merit, since the ground discloses that the testimony was elicited from the witness (. . . on cross-examination) by counsel for the *movant*. Where counsel on the cross-examination of a witness takes a chance by propounding a dangerous question, he will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to the question." (Cits.)' [Cit.] Since the answer here was responsive to the question propounded by appellant's counsel, the trial court did not err in denying appellant's motion for mistrial on this ground. [Cits.]" (Emphasis in original.) *Henson v. State*, supra at 212 (2).

2. A sales clerk with personal knowledge of the contents of two sales receipts identified carbon copies of those receipts. These carbon copies were correctly introduced into evidence over appellant's objections. See *Millwood v. State*, 166 Ga. App. 292, 293-294 (5, 6) (304 SE2d 103) (1983). " 'Duplicate or triplicate originals, made with the same stroke of the pen or typewriter as the original, are admissible as primary evidence. (Cits.)' [Cits.]" *Builders Homes of Ga. v. Wallace Pump &c. Co.*, 128 Ga. App. 779, 782 (4) (197 SE2d 839) (1973).

3. The admission of the entirety of appellant's in-custody inculpatory statement was not error. " ' "It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]" [Cit.]' [Cit.]" *Lee v. State*, 154 Ga. App. 562, 564 (2) (269 SE2d 65) (1980).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 25, 1991.

*Allison C. Griffin*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.