## A93A0115. KELLER v. THE STATE.
(431 SE2d 411)

COOPER, Judge.

Appellant was convicted by a jury of obstructing an officer (two counts) and escape and appeals from the judgment entered on the convictions.

Evidence presented at trial shows that three officers in separate patrol cars rushed to appellant's residence, with lights and sirens on, in response to a 911 call made by appellant stating that an armed man had broken into her home and was in the process of robbing her. When the officers arrived, the suspect was gone. Appellant first told the officers that the suspect broke in through the window. After the officers inspected the window and told her there was no sign of a forced entry, appellant said he must have broken in through the door. Again the officers' inspection revealed no sign of a forced entry. Ap-

pellant then stated that the suspect previously had been living in her home and had a key but that he had been there against her wishes that night and had threatened her. Appellant appeared to be intoxicated and was hostile to the officers. After speaking with the 911 operator to confirm the details of appellant's original report, the officers arrested appellant for making a false report. Appellant was uncooperative and verbally abusive, and as one of the officers led her to a police car, she kicked the officer, broke away and ran inside her home. The officers followed her and took her back into custody. This time the three officers carried her to the police car. In her struggle, appellant kicked two of the officers in the chest and leg. One of the officers had to be hospitalized and was unable to return to work for several weeks. Both before and after appellant was placed in the police car, she yelled threats at the officers.

1. In her first enumeration of error, appellant argues that the trial judge improperly expressed her opinion of the evidence in violation of OCGA § 17-8-57 when she commented to appellant's counsel that "having a key is a pretty good indication of a right to be there." However, appellant did not object or move for mistrial when this comment was made, and " '(t)he question of whether (§ 17-8-57) has been violated is not reached unless an objection or motion for mistrial is made.' [Cits.] We therefore find that [appellant] waived the right to contend that the court violated § 17-8-57." *Walker v. State*, 258 Ga. 443, 444 (3) (370 SE2d 149) (1988).

2. Appellant also contends that the trial court erred in allowing the State to cross-examine appellant regarding what she said in the police car en route to the police station. Officer Debbie Hollan, who was transporting appellant to the station in her vehicle, turned on her personal tape recorder to record what was said during the drive. Hollan testified that she did this for her own protection, in case appellant later claimed the officer had mistreated her in some way. After a pretrial hearing, the trial court excluded the tape as evidence because it had not been provided to appellant ten days prior to trial as required by OCGA § 17-7-210 (a). The State made no reference to the tape or its contents during its case-in-chief or in rebuttal. See OCGA § 17-7-210 (c). However, after appellant testified on direct examination that although she made various comments to and about the officers, she did not actually threaten them, the State was allowed to cross-examine appellant about certain things she said during the drive to the station. After appellant introduced the issue of what she said to the officers in her direct testimony, the trial court did not err in allowing cross-examination on that issue, even if the cross-examination included references to evidence the State could not introduce in its case-in-chief or rebuttal. See *Stuldivant v. State*, 202 Ga. App. 64 (1) (413 SE2d 247) (1991). Accordingly, this enumeration of error is with-

out merit.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 3, 1993.

*Daniel L. Henderson,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.