A93A1016. MADDOX v. THE STATE.
A93A1034. FOSTER v. THE STATE.
(436 SE2d 730)

SMITH, Judge.

Reginald George Maddox a/k/a Roy Merritt a/k/a Bennie Lee Daniels and Peyton Foster a/k/a Vickie Sandra Collins were charged in the same indictment with theft by shoplifting, OCGA § 16-8-14. Both were tried and convicted by a jury, and this appeal followed.

1. In Case No. A93A1016, Maddox enumerates as error the admission of his spontaneous statement that he had injected himself with cocaine and heroin before entering the grocery store. Evidence as to whether Maddox was under the influence of alcohol or drugs on the day in question was admissible as part of the res gestae of the crime. *Latham v. State*, 195 Ga. App. 355, 356 (2) (393 SE2d 498) (1990). "The logic of this general rule is particularly clear in a case such as this one, where the state of mind of the accused is pivotal." *Giddens v. State*, 206 Ga. App. 409 (425 SE2d 299) (1992). Where goods are not actually removed from a store, concealment of the goods with the intent to deprive establishes the offense of theft by shoplifting. OCGA § 16-8-14 (a) (1). Maddox testified that he never took the cigarettes out of the store and never intended to conceal them. The statement is also relevant to Maddox's motive to commit the alleged crime in order to purchase drugs, and to explain his unusual behavior in the store both while attempting to remove the cigarettes and while struggling with the police officers. Admission of this testimony was not error. See *Bogan v. State*, 206 Ga. App. 696, 697 (1) (426 SE2d 392) (1992).

2. Maddox also contends that because the State failed to produce the tape recording of the preliminary hearing in response to his requests for production, the recording should have been excluded under OCGA § 17-7-210. However, that Code section by its terms applies only to statements given "while in police custody." OCGA § 17-7-210 (a). A statement made before a person is taken into custody, or while the person is out on bond, is not within the scope of this statute. See *Shelton v. State*, 196 Ga. App. 163 (3) (395 SE2d 618) (1990); *Martin v. State*, 179 Ga. App. 551, 553 (5) (347 SE2d 247) (1986). It therefore follows that a person testifying before a magistrate or other judicial officer in open court at a preliminary hearing is likewise not in police custody within the contemplation of OCGA § 17-7-210 (a). The circumstances which the Code section addresses do not exist when a person is giving testimony before an impartial finder of fact.

"Even if it is assumed, for the sake of argument, that appellant's detention . . . constituted 'police custody,' the statements made by appellant were neither incriminating nor inculpatory. Statements that are not incriminating or inculpatory do not fall within the ambit of

OCGA § 17-7-210, and therefore need not be furnished to a defendant" under that Code section. *Williamson v. State*, 188 Ga. App. 307, 308 (1) (372 SE2d 685) (1988). The tape recording of the preliminary hearing contained no statement which was inculpatory or incriminating on its face; it became so only as a result of his testimony at trial and was admitted for the limited purpose of impeachment. *Dawson v. State*, 203 Ga. App. 146, 147 (1) (416 SE2d 125) (1992). The single inculpatory statement, that Maddox needed money to buy drugs, was testified to by the magistrate alone, on rebuttal, and did not appear on the tape, portions of which were inaudible.

3. Maddox's remaining enumerations of error are based upon the general grounds and the overruling of his motion for a directed verdict of acquittal. "On appeal from a finding of guilt, the presumption of innocence no longer prevails and evidence must be viewed in the light most favorable to the verdict, for it reflects the jury's determination on the credibility and weight of evidence which determination we must accept; we consider only the sufficiency of the evidence to support a conviction. [Cit.]" *Gazaway v. State*, 207 Ga. App. 641, 642 (1) (428 SE2d 659) (1993).

OCGA § 16-8-14 provides: "(a) A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment. . . ."

While the grocery manager and a head clerk, as well as a police officer watched through a two-way mirror, Maddox furtively loaded a large quantity of cigarettes into a cardboard box, closed the flaps on the box, and made two or three attempts to carry it out of the grocery store through an area without cash registers. He apparently responded to Foster's hand signals in loading and moving the box, in leaving and reentering the aisle, and in attempting to leave the store. The evidence showed that the alarm on the store's cigarette case had been disconnected and that Maddox had no money with which to pay for the cigarettes. Maddox denied having acted as the three witnesses testified he did. Finally, he gave conflicting accounts of the reason for his visit to the store and the length of time he had known Foster. A rational trier of fact could reasonably find that Maddox was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. In Case No. A93A1034, the only enumeration of error advanced by Foster is that the evidence was insufficient as a matter of law to support her conviction. This contention has no merit.

While mere presence at the scene of a crime does not support a

conviction, " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). "A person who acts as a 'lookout' during the commission of a [crime] is participating in the commission of that crime within the meaning of Code Ann. § 26-801 [OCGA § 16-2-20]." *DeLoach v. State*, 142 Ga. App. 666 (1) (236 SE2d 904) (1977). See *Lay v. State*, 184 Ga. App. 655, 656 (1) (362 SE2d 458) (1987).

Foster was observed by three witnesses as she stood at a vantage point and made hand signals while Maddox loaded cartons of cigarettes. According to the testimony, Maddox observed her hand signals and responded to them. She attempted to leave the store with Maddox and the cigarettes, bypassing the cashiers. Moreover, she gave conflicting accounts of her relationship with Maddox and her reason for visiting the store. Viewing this evidence in a light most favorable to the verdict, we conclude that a rational trier of fact reasonably could have found that Foster was guilty of the offense of shoplifting beyond a reasonable doubt under the standard of *Jackson v. Virginia*. See *Carter v. State*, 188 Ga. App. 464 (1) (373 SE2d 277) (1988).

*Judgment affirmed in Case No. A93A1016 and Case No. A93A1034. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 13, 1993.

*Joseph M. Todd*, for appellant (case no. A93A1016).
*Gary Tharp*, for appellant (case no. A93A1034).
*Robert E. Keller*, District Attorney, *Gina C. Naugle*, Assistant District Attorney, for appellee.