A93A1729. MOBLEY v. THE STATE.
(441 SE2d 73)

McMURRAY, Presiding Judge.

Defendant was charged in a multi-count indictment for offenses related to the October 10, 1991, beating, robbery and kidnapping of the 70-year-old victim. Specifically, defendant was charged with robbery by intimidation (Count 1), kidnapping (Count 3), aggravated assault with a pistol (Count 2), aggravated assault in that defendant attempted to break the victim's neck (Count 4), aggravated assault with a knife (Count 5), aggravated battery (Count 6), possession of a knife during the commission of a crime (Count 7), possession of a firearm during the commission of a crime (Count 8), possession of a firearm by a convicted felon (Count 9) and for being a recidivist. The case was tried before a jury on July 15 and 16, 1992, and defendant was found not guilty as to Counts 2, 8 and 9 regarding his use of a firearm during commission of the crimes. A mistrial was declared as to the remaining counts of the indictment.

On October 7 and 8, 1992, defendant was tried before a jury and convicted of robbery by intimidation (Count 1), kidnapping (Count 3), aggravated assault in that defendant attempted to break the victim's neck (Count 4), aggravated assault with a knife (Count 5), aggravated battery (Count 6), possession of a knife during the commission of a crime (Count 7) and for being a recidivist. This appeal followed the denial of his motion for a new trial. *Held:*

1. In his first and third enumerations, defendant contends the evidence was insufficient to prove that he was the perpetrator of the

crimes charged.

The victim testified and positively identified defendant as the man who entered his home on October 10, 1991, and committed acts constituting the crimes charged in Counts 1, 3, 4, 5, 6 and 7 of the indictment. This testimony and eyewitness testimony that defendant entered the victim's premises minutes before the attack of the victim is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of committing the crimes charged in Counts 1, 3, 4, 5, 6 and 7 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Perryman v. State*, 208 Ga. App. 754 (1) (431 SE2d 742).

2. In his second enumeration, defendant contends the trial court erred in not allowing evidence of his acquittal as to Counts 2, 8 and 9 of the indictment. Defendant cites *White v. State*, 257 Ga. 236 (356 SE2d 875), arguing that evidence of his acquittal on these counts of the indictment is relevant to his sole defense of misidentification. We do not agree.

In *White v. State*, 257 Ga. 236, supra, the Supreme Court held that evidence of the acquittal of a principal during the trial of an aider and abettor (party to the crime) is admissible because proof of the principal's guilt is a necessary element in the crime of aiding and abetting. Id. In the case sub judice, defendant is not charged as an aider and abettor; nor is proof of defendant's guilt as to Counts 2, 8 and 9 of the indictment necessary to sustain his convictions as to the remaining counts of the indictment. At best, defendant's acquittal as to Counts 2, 8 and 9 charging him with use or possession of a firearm during commission of the beating, robbery and kidnapping of the victim is evidence that defendant did not use a firearm during commission of the crimes charged. Under these circumstances, we cannot say the trial court abused its discretion in finding that such proof was irrelevant to defendant's claim of misidentification. See *O'Neal v. State*, 254 Ga. 1, 2 (3), 3 (325 SE2d 759).

3. Defendant contends the trial court erred in failing to grant a dismissal or acquittal after the State's attorney waited until the day before trial to inform defense counsel that shoe prints found at the crime scene (tracked through the victim's blood) did not match the bottom of defendant's shoes.

"Harm as well as error must be shown to warrant a reversal. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991)." *Bass v. State*, 208 Ga. App. 859, 861 (3) (432 SE2d 602). In the case sub judice, defense counsel fully expanded evidence at trial that bloody shoe prints discovered at the crime scene did not match the bottom of defendant's shoes. Consequently, this enumeration provides no basis for reversal.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 11, 1994 —
RECONSIDERATION DENIED JANUARY 25, 1994.

*Friedman, Donaldson & Phillips, Robert P. Phillips III, Todd A. Hall*, for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.