A94A1501. WHITT v. THE STATE.
(452 SE2d 125)

McMURRAY, Presiding Judge.

Defendant was charged, along with co-defendant Veasey, with the offense of theft by shoplifting and with being a recidivist. The evidence adduced at a jury trial reveals the following:

During the afternoon of February 2, 1993, defendant and co-defendant Veasey entered a retail establishment known as "Linens 'N Things," seeking to exchange merchandise allegedly purchased at another "Linens 'N Things" store. After defendant and co-defendant Veasey browsed the store for about 30 minutes, Assistant Manager Elizabeth Wilkes observed defendant holding two "black scarf valances" and she decided to offer assistance. However, as Ms. Wilkes approached defendant, he "moved very quickly down the aisle [and co-defendant] Veasey moved in front of [defendant] facing him." Ms. Wilkes then observed defendant's jacket "moving up" and noticed

that defendant was no longer holding the "black scarf valances." Defendant and co-defendant Veasey refused Ms. Wilkes' offer of assistance and "walked a straight line up to the front register area. . . ." Ms. Wilkes did not see the "black scarf valances" in the area where defendant and co-defendant Veasey had been standing so she "followed them [and] watched their whole exchange transaction."

Ms. Wilkes noted that neither defendant nor co-defendant Veasey presented the "black scarf valances" for exchange and observed "a noticeable bulge in the back of [defendant's] jacket." Sheila Mitchell, another store employee, also observed the unusual bulge so she surreptitiously brushed defendant's back to investigate. Ms. Mitchell noticed that the bulge seemed to be something other than a part of defendant's body and concluded that defendant may be concealing stolen merchandise.

After defendant and co-defendant Veasey left the store, a cashier at the "Linens 'N Things" store contacted the police and reported the apparent crime. Later that afternoon, the police apprehended the defendant and co-defendant Veasey in their get-away car and found two "black scarf valances" under a seat in the vehicle. In the meantime, Ms. Mitchell checked the store's inventory records and confirmed that two "black scarf valances" were missing. The police summoned Ms. Mitchell to the scene (the roadside where defendant and co-defendant Veasey were apprehended) and she identified the suspects and the stolen merchandise.

The jury found defendant and co-defendant Veasey guilty of the crime charged. Defendant filed this appeal after the denial of his motion for new trial. *Held*:

1. Defendant contends in his first enumeration that the jury selection process was tainted because the jury panels heard the trial court instruct the sheriff to " 'bring the people up' " while he was in the courthouse jail and while his attorney was in the rest room. Defendant reasons that this utterance amounted to an improper reference to his incarceration at the time of trial. This argument is not supported by the record.

Defense counsel challenged the jury panels before a jury was sworn, alleging that an attorney ("Mr. Morgan") informed him that the jury panels heard (while defense counsel was outside the courtroom) the trial judge instruct the sheriff "something to the effect that, well, tell the — the Deputy Sheriff needs to be told to bring the people up. . . ." The trial court assured defense counsel that Mr. Morgan's alleged report was inaccurate and invited defense counsel to proffer evidence to the contrary. Defense counsel stated that Mr. Morgan was not available, but informed the trial court that he would "hopefully preserve this and have Mr. Morgan file an affidavit when I appealed." The trial judge later explained: "What I said to the jury

was, the Sheriff informed me that it was going to be about fifteen to twenty minutes before we can begin. Let's take a short recess. That's what I said to the jury."

"We have consistently warned counsel that this court cannot consider factual representations contained in appellate briefs when such evidence does not appear on the record. See *Coweta Bonding Co. v. Carter*, 230 Ga. 585 (1) (198 SE2d 281); *Konscol v. Konscol*, 151 Ga. App. 696 (1) (261 SE2d 438)." *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635). In the case sub judice, there is no evidence supporting defendant's claim that the jury panels heard the trial court instruct the sheriff that "the Deputy Sheriff needs to be told to bring the people up. . . ." In fact, there is no evidence refuting the trial court's assurance that such a directive was not uttered while defense counsel was outside the courtroom. However, defendant questions the trial court's veracity in his brief on appeal, stating that defendant "is a little confused that the [trial] court would not acknowledge the truth [and that the] only reason [he] hasn't any more support [for his contention] is that the trial court would not allow [him] to call [co-defendant] Veasey or [co-defendant Veasey's trial attorney,] Mr. Koman[, at the hearing on his motion for new trial]."

We have examined the entire transcript of the hearing on defendant's motion for new trial and find that defense counsel offered Mr. Koman's testimony as proof of unrecorded events which allegedly transpired during closing argument. Defense counsel never offered the testimony of co-defendant Veasey or Mr. Koman in support of defendant's claim that the trial court instructed the sheriff that "the Deputy Sheriff needs to be told to bring the people up. . . ." The only evidence offered supporting this allegation may be found in the following statement asserted by defense counsel at the hearing on defendant's motion for new trial: "Okay. So we also contend that what happened was that co-defendant Veasey was brought up from the jail and my client[, defendant,] was erroneously or mistakenly left down at the jail and the Court made some reference to, that the Sheriff told me that it's going to be fifteen to twenty minutes to bring the people up, and that based on talking with several attorneys and also another Defendant in the courtroom the prospective jurors could well have gotten the idea that my client was already incarcerated, which we contend detracted from his right to an impartial jury because if they knew that he was already incarcerated his presumption of innocence would be impaired." However, the trial court then asked defense counsel for proof supporting his allegations (i.e., "Do you have affidavits from any of those attorneys to that effect?") and defense counsel responded, "I do not have affidavits at this point." These circumstances not only reveal that the trial court did not block defendant's attempt to perfect the record with regard to events which transpired

in the presence of the jury panels, they reveal that the trial court gave defense counsel ample opportunity to present evidence supporting his view that the trial court's recollection is blurred. It appears that defense counsel simply could not (or would not) present evidence supporting defendant's claim that the jury panels were tainted by the trial court's directives while defense counsel was outside the courtroom. In any event, the decision of the trial judge as to unrecorded events which transpired at trial is final and is not subject to review. OCGA § 5-6-41 (g). Consequently, we are bound by the trial court's recollection of events which transpired while defense counsel was outside the court. See *Pahnke v. State*, 203 Ga. App. 88 (416 SE2d 324). It is from this perspective that we find the trial court's directive for a recess in response to the sheriff's remark, "it was going to be about fifteen to twenty minutes before we can begin," cannot reasonably be construed as a reference to defendant's incarceration at the time of trial. Consequently, the argument raised in this portion of defendant's first enumeration provides no basis for reversal.

2. Defendant urges in support of his first enumeration that the trial court erred in hearing another defendant's plea of guilty in an unrelated case in the presence of the jury panels. This argument was raised and rejected in *Williamson v. State*, 194 Ga. App. 439 (390 SE2d 658). We follow *Williamson* and affirm the denial of defendant's motion for new trial on this ground.

3. In his second enumeration, defendant contends the trial court erred in sustaining the State's objection to defense counsel's closing argument, alleging the trial court unduly restricted argument as to his sole defense. The State argues that this enumeration presents nothing for review since a transcript of closing argument is not included in the record.

"Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779); *Shaw v. State*, 201 Ga. App. 438, 439 (1) (411 SE2d 534)." *Thomas v. State*, 208 Ga. App. 367 (1) (430 SE2d 768). In the case sub judice, the closing argument was taken down by the court reporter, but defendant did not request transcription of the relevant portion of closing argument as is his right under OCGA § 5-6-41 (d). Defense counsel excuses this omission, explaining that he did not wish to be responsible for paying the court reporter.[1]

"OCGA § 17-8-5 (a) requires the trial judge to ensure that the

---

[1] At the hearing on defendant's motion for new trial, defense counsel informed the trial court that he was held accountable for paying the court reporter in another case where he was assigned to represent an indigent criminal defendant.

testimony in all felony trials is taken down. 'In the event of a felony conviction, it is the duty of the state, at its own expense and through the agency of the presiding judge, to request the court reporter to transcribe the reported testimony. (Cit.)' *State v. Hart*, 246 Ga. 212, 213 (271 SE2d 133) (1980). Pursuant to OCGA § 5-6-41 (d), preliminary motions [and all other proceedings which may be called into question on appeal] would be included in the proceedings subject to OCGA § 17-8-5 (a)." *Ivory v. State*, 199 Ga. App. 283, 284 (405 SE2d 90). "Under [the] circumstances [of the case sub judice, defendant's] appointed counsel [would] have [therefore] been reimbursed by the county for the expense of the transcription of the [pertinent portion of his closing argument]." *Miller v. State*, 165 Ga. App. 487, 489 (3) (299 SE2d 174). Consequently, if defendant "had desired that the trial transcript accurately reflect what transpired concerning this matter, he could have made timely motion to the trial judge to cause a transcript of these matters to be prepared. OCGA § 5-6-41 (d)." *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153). Instead, defendant sought to perfect the record by filing a document entitled, "MOTION TO PERFECT RECORD," offering the testimony of co-defendant Veasey's attorney to establish what transpired during defense counsel's closing argument. This motion offers no basis for reconstructing the trial transcript.

Outside testimony provides no material basis for reconstructing a transcript from recollection. The only means for reconstructing a transcript from recollection is via agreement of the parties or their counsel or independent recollection of the trial judge. OCGA § 5-6-41 (g). Further, OCGA § 5-6-41 "authorizes the submission of a transcript prepared from recollection only where the trial has not been reported or where, for some other reason, an actual transcript is not obtainable. The trial in [the] case [sub judice] was reported, and there is no indication that the reporter's notes were unavailable for transcription." *Harrison v. Piedmont Hosp.*, 156 Ga. App. 150 (274 SE2d 72). Nonetheless, defendant (apparently) asserts that a transcript of the pertinent portion of closing argument is unnecessary because statements by the State's attorney (at the motion for new trial hearing) regarding the basis of her objection to defense counsel's closing argument provide sufficient basis for appellate review. We do not agree.

Appellate courts are guided by the record and cannot rely on extrajudicial statements contained in arguments of counsel. *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109); *Butts v. State*, 149 Ga. App. 492, 493 (3) (254 SE2d 719). Consequently, the issue raised in this enumeration is " 'deemed abandoned' by the defendant's failure to supplement the record by any of the methods approved under OCGA § 5-6-41 [(d) or (g)]. *Ledesma [v. State*, 251 Ga. 487, 490 (8)

(306 SE2d 629)]; *Zachary v. State*, 245 Ga. 2 (262 SE2d 779) (1980)." *Patterson v. State*, 256 Ga. 740, 741 (2) (353 SE2d 338). See *Peterson v. State*, 204 Ga. App. 532, 534 (3) (419 SE2d 757).

4. In his third enumeration, defendant contends the trial court improperly commented on the evidence when he asked co-defendant Veasey's trial attorney about the relevance of having a State's witness draw a diagram of the victim's store.

At trial, the attorney for co-defendant Veasey directed a State's witness, Sheila Mitchell, to withdraw from the witness stand. As soon as the witness removed herself from the witness stand, the trial court directed co-defendant Veasey's attorney to have the witness return to the stand. The following pertinent colloquy then ensued: "MR. KOMAN: Your Honor, may I ask the witness to herself draw the internal layout of the store[?] THE COURT: What's the relevance? What difference does it make? MR. KOMAN: Your Honor, I believe on cross examination we will show that at least with respect to [co-defendant] Veasey that the witness did not see and could not have seen him involved in shoplifting. THE COURT: You're contending to the jury that some diagram of a store is going to prove a witness can't see what a witness has testified under oath a witness saw? Is that what you're trying to do? [DEFENDANT'S ATTORNEY]: Your Honor, I'm going to object to that as a comment on the evidence. THE COURT: I'm asking the relevance of it. You can have a seat. MR. KOMAN: Your Honor, on direct the witness I believe said in answer to a question, how was the store laid out. She said it had two aisles and that she herself was working mostly at the front counter that afternoon. THE COURT: You may ask any question you want to about that. She used no drawings and no demonstrations in her testimony. You may question her about it."

" 'The statutory inhibition (OCGA § 17-8-55) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. (Cits.)' *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984)." *Emanuel v. State*, 195 Ga. App. 302, 304 (3) (393 SE2d 74), rev'd on other grounds at 260 Ga. 425 (396 SE2d 225). In the case sub judice, we cannot say that the trial court's comments during the colloquy with co-defendant Veasey's attorney amounted to an improper comment on the evidence. OCGA § 17-8-57. See *Jennette v. State*, 197 Ga. App. 580, 584 (7) (398 SE2d 734). This contention provides no basis for overturning the trial court's order denying defendant's motion for new trial.

5. Defendant further contends in his third enumeration that the trial court improperly expressed its opinion as to evidence on two other occasions during trial. However, defendant concedes that no ob-

jections or motions for a mistrial were asserted when these purportedly harmful comments were uttered. Consequently, these contentions provide no basis for review. *Keller v. State*, 208 Ga. App. 589 (431 SE2d 411).

6. Defendant next contends the trial court erred in denying his motion for new trial, arguing that the evidence is insufficient to support the jury's verdict. We do not agree.

"OCGA § 16-8-14 provides: '(a) A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment. . . .' " *Maddox v. State*, 210 Ga. App. 526, 527 (3) (436 SE2d 730). In the case sub judice, the testimony of Elizabeth Wilkes and Sheila Mitchell authorized the jury's finding that defendant is guilty, beyond a reasonable doubt, of theft by shoplifting in violation of OCGA § 16-8-14 (a). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Maddox v. State*, 210 Ga. App. 526, 527 (3), supra.

7. In his fifth enumeration, defendant contends the trial court erred in denying his "MOTION TO PERFECT THE RECORD." This enumeration is without merit. As stated in Division 3 of this opinion, defendant's "MOTION TO PERFECT RECORD" was not a proper vehicle for perfecting the record pursuant to OCGA § 5-6-41. Consequently, the trial court did not err in denying defendant's "MOTION TO PERFECT RECORD."

8. In his final enumeration, defendant contends "[t]he trial court erred by denying [his] 'Motion to Supplement the Record for Appeal' and [his] 'Motion to Transport Co-Defendant [Veasey] to Court,' and by not affording [him] a full and fair hearing on these motions."

" 'Harm as well as error must be shown to warrant a reversal. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991).' *Bass v. State*, 208 Ga. App. 859, 861 (3) (432 SE2d 602)." *Mobley v. State*, 211 Ga. App. 709, 710 (3) (441 SE2d 73). In the case sub judice, defendant fails to show how the alleged errors asserted in this enumeration were harmful. Further, we find nothing in this enumeration which provides a basis for reversal.

*Judgment affirmed. Birdsong, P. J., Andrews and Blackburn, JJ., concur. Pope, C. J., Beasley, P. J., and Ruffin, J., concur in the judgment only. Johnson and Smith, JJ., dissent.*

Smith, Judge, dissenting.

I must respectfully dissent. Division 4 of the majority opinion, in my view, describes what was an improper comment on the evidence

by the trial court and therefore was error. Since the evidence of guilt in this case was not overwhelming, I cannot conclude that this error was harmless. The conviction therefore should be reversed.

I am authorized to state that Judge Johnson joins in this dissent.

DECIDED NOVEMBER 15, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*Lloyd J. Matthews,* for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney,* for appellee.