## S03A0786. PALMER v. THE STATE.
### (587 SE2d 1)

FLETCHER, Chief Justice.

A jury in Richmond County convicted Bradford Eugene Palmer of malice murder for the killing of Jacqueline Ballard, feticide for the killing of Ballard's unborn child, armed robbery, and possession of a firearm in the commission of a crime.[1] On appeal, Palmer contends that the trial court erred by allowing the statements he made to police to be admitted at trial. Because Palmer's statements were voluntarily and knowingly given to police, the trial court did not err by admitting them into evidence.

1. The evidence presented at trial showed that on January 7, 2000, police arrested Palmer after discovering Jacqueline Ballard's body in the trunk of the car that Palmer was driving. Ballard had been killed by a .45 caliber bullet wound to the head. On the day after his arrest, Palmer led police to the place where she had been shot. Palmer told police that he and Ballard had been driving in Ballard's car, that he had ordered her out of the vehicle on a deserted road, and that he shot her because she owed him money for drugs. After the shooting, Palmer put Ballard's body in the trunk of her car and drove away.

The evidence also showed that Ballard was 20 weeks pregnant at the time of the killing, and that the fetus did not survive its mother's death. The state's expert testified that at that stage of its development the fetus would be considered "quick," meaning that it was able to move in its mother's womb.[2]

After reviewing the evidence in a light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a

---

[1] The crimes were committed on or near January 7, 2000. On April 10, 2000, the Richmond County grand jury indicted Palmer for malice murder, felony murder, aggravated assault, feticide, armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On June 22, 2001, the jury convicted Palmer on all counts except possession of a firearm by a convicted felon, on which an order of nolle prosequi was entered. The felony murder conviction stood vacated as a matter of law, and on July 13, 2001, Palmer was sentenced to life in prison for malice murder and feticide, twenty years for armed robbery, and five years, to be served consecutively, for possession of a firearm in the commission of a crime. Palmer moved for a new trial on July 24, 2001. The trial court denied the motion on January 27, 2003, and Palmer filed a timely notice of appeal on January 31, 2003. The case was docketed in this Court on February 13, 2003, and submitted on the briefs on April 7, 2003.

[2] *Brinkley v. State*, 253 Ga. 541, 544 (322 SE2d 49) (1984).

rational trier of fact to find Palmer guilty beyond a reasonable doubt of malice murder, feticide, armed robbery, and possession of a firearm in the commission of a crime.[3]

2. Palmer contends that the trial court erred by admitting the three statements that he made to police because the statements were induced by the hope of a benefit and because he did not have the mental capacity to voluntarily and knowingly make the statements. The trial court held a *Jackson v. Denno* hearing and correctly concluded that Palmer's statements were admissible.[4] Palmer has presented absolutely no evidence whatsoever, other than his own belief, that his confession was induced by the promise of a benefit, and that argument accordingly has no merit.[5]

Palmer also argues that he was not mentally competent to make the statements to police. In support of this argument, Palmer points to evidence that he was in special education classes since childhood, that he spent time in mental institutions, and that he suffered from psychotic disorder. There was sufficient evidence presented at trial, however, to show that Palmer knowingly and voluntarily made the statements to police, and that he was mentally competent to do so. Prior to each of his statements, Palmer was informed of and acknowledged that he understood his rights. Palmer also testified that he had been taking his medication throughout the time period in question, and Palmer's own expert testified that Palmer's illness was controlled by that medication. There is no evidence that any mental impairment affected Palmer's various statements to police.

Accordingly, we conclude that the trial court did not err by admitting Palmer's statements into evidence.

3. The trial court did not abuse its discretion by admitting photographs of the victim and the crime scene into evidence. Generally, photographs of the victim are admissible to show the nature and extent of the victim's wounds.[6] Additionally, "a photograph offered to show a crime scene as it existed when police officers arrived is [generally] admissible."[7] These photographs were not unduly gruesome or prejudicial, and the trial court did not abuse its discretion by admitting them into evidence.

4. Finally, the trial court did not err by allowing the state to provide the jurors with a transcript of Palmer's statements to police while the audiotapes of those statements were being played. With a

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[5] *Williams v. State*, 250 Ga. 553, 559 (300 SE2d 301) (1983).

[6] *Jackson v. State*, 270 Ga. 494, 498 (512 SE2d 241) (1999); *Hayes v. State*, 268 Ga. 809, 812 (493 SE2d 169) (1997).

[7] *Roberts v. State*, 272 Ga. 822, 826 (537 SE2d 86) (2000), citing *Patterson v. State*, 256 Ga. 740, 741 (353 SE2d 338) (1987).

proper foundation, the transcript of a defendant's admissible statement to police may be provided to jurors as an evidentiary aid so long as the trial judge imposes sufficient safeguards to ensure that the jurors do not treat the transcript as independent evidence.[8] The state laid a proper foundation for the transcript of Palmer's statements in this case, and the trial court properly informed the jury that the transcript was not to be considered independent evidence. The transcript was taken away from the jurors after the audiotapes of Palmer's statements had been played.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Ellis R. Garnett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.

---

[8] *Cobb v. State,* 244 Ga. 344, 352 (16) (260 SE2d 60) (1979).