19887. HOWINGTON *v.* WILSON.

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957.

*E. C. Stark, Davis & Davidson, Jack S. Davidson, H. W. Davis,* for plaintiff in error.

*Alfred A. Quillian, Solicitor-General, Jeff C. Wayne, Solicitor-General,* contra.

ALMAND, Justice. The exception under review is to a judgment sustaining a general demurrer to a petition for habeas corpus.

In his petition, Gordon Howington alleged that, on August 31, 1957, he was confined to the county jail of Jackson County in the custody of the sheriff of that county by virtue of an indictment for murder, which was returned by the grand jury of Jackson County; that, on said date, the Judge of Jackson Superior Court, without being requested to do so by the Sheriff of Jackson County, entered an order directing the sheriff to transfer the petitioner to the county jail of Hall County to be held by the Sheriff of Hall County until further order of the court. The reason assigned in that order of transfer was that the continued confinement of the petitioner in the Jackson County jail until the next term of court in February 1958 "will tax the jail facilities of said county that will be needed for the handling of other prisoners." It is contended that this order of transfer was void, and that the petitioner is now in the custody of the Sheriff of Hall County, the respondent named in the writ, solely by virtue of this order of transfer. It was prayed that the petitioner be

remanded back to the custody of the Sheriff of Jackson County.

We have been cited no provision of law, nor have we found any, that would authorize the judge to enter the order entered in this case. It is apparent from our statutes that the custody of of a defendant, pending his trial under an indictment for a criminal offense, is in the sheriff of the county wherein the offense was committed, and the responsibility for his safe and secure confinement in jail is that of the sheriff. Code §§ 27-409, 27-801, 24-2813, 24-2822, 77-101, 77-102, 77-108. Among the duties of the sheriff is that he "take all prisoners arrested, or in execution under any criminal or civil process, to the jail of an adjoining county, or to the jail of some other county when more accessible, if the jail of the county shall be in an unsafe condition, under such rules as are prescribed in this Code." Code § 77-110. Under this section and Code § 27-416, which provides that when there is no secure jail in the county where the offense was committed, and the prisoner is transferred to a jail in the nearest county having a secure jail, the county in which the offense was committed shall pay in advance the jail fees and costs of keeping the prisoner— the sheriff and not the judge of the court has the authority to transfer a prisoner awaiting trial to a jail in another county, and then, only when the jail in the county where the prisoner is confined is "in an unsafe condition."

It appearing from the petition that the Sheriff of Hall County is holding the petitioner in his custody solely by virtue of the transfer order of the Judge of Jackson Superior Court, which order such judge had no authority to enter, and that the petitioner is entitled only to have granted his prayer that he be remanded to the custody of the Sheriff of Jackson County, it was error to sustain the general demurrers of the respondent. See *Russell* v. *Tatum*, 104 *Ga.* 332, 335 (30 S. E. 812); *Simmons* v. *Ga. Iron &c. Co.*, 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739); *Dixon* v. *Sable*, 147 *Ga.* 623 (95 S. E. 240); *Smith* v. *Henderson*, 190 *Ga.* 886 (10 S. E. 2d 921).

*Judgment reversed. All the Justices concur.*