137 Ga. App. 407 (1976)
224 S.E.2d 69
LAMAR
v.
THE STATE.
51713.
Court of Appeals of Georgia.
Submitted January 9, 1976.
Decided January 28, 1976.
Edgar A. Fry, J. David Fowler, for appellant.
Ben J. Miller, District Attorney, for appellee.
MARSHALL, Judge.
Appellant was indicted, tried and convicted of control and possession of heroin, a controlled substance, in violation of The Georgia Controlled Substances Act. He was sentenced to serve 10 years in the penitentiary. Appellant brings this appeal to that conviction and judgment, enumerating generally three errors. Held:
1. In Enumerations of Error 1 and 2, appellant complains that the trial court erred in refusing to give a charge on the definition of an accomplice and the weight to be accorded the testimony of an established accomplice. Appellant does not contest that approximately 44 packets of heroin were discovered under the driver's seat of a car owned and operated by him at the time of the discovery of the heroin. He simply denies knowing it was there or how it got there. A witness for the state, a passenger in appellant's automobile, testified that shortly before the heroin was discovered, appellant gave him a package and asked the witness to hold it for him. The witness held the package for several minutes. He recognized what he believed to be heroin and gave it back to appellant announcing a positive desire not to hold the package. The witness stated he saw the appellant "shoot up" some of the heroin and also observed appellant place the individually wrapped packets in a potato chip bag and slide the bag under the driver's seat. The heroin, so packaged, shortly thereafter was found in that location by police officers.
The only evidence connecting the state's witness to the heroin was testimony by that witness that he briefly held the packets at the request of the appellant, followed almost immediately by a disclaimer of any desire to become involved and the return of the substance to the appellant. While these facts established a temporary, technical "possession" there is no evidence that the witness had a criminal intent or desire to possess the heroin or to aid or abet appellant in his possession.
An accomplice is defined as one who is associated with others in the commission of a crime, all being principals. Springer v. State, 102 Ga. 447 (30 SE 971). Participation in the commission of the same criminal act, *408 and in the execution of a common criminal intent, is therefore necessary to render one a criminal, and in a legal sense, an accomplice of another. Criminal intent, therefore, is a necessary ingredient of crime and is essential to render one an accomplice. Where this element is absent, one is not an accomplice. Barnwell v. State, 127 Ga. App. 335 (193 SE2d 203); Springer v. State, supra.
Under the facts of this case, the trial court correctly concluded that the state's witness himself could not have been indicted for the possession and control offense, was neither a principal nor accessory, and could not be considered an accomplice. Kearce v. State, 178 Ga. 220 (2) (172 SE 643). It was not error, therefore, to fail to give charges on definition and credibility of an accomplice. Robinson v. State, 84 Ga. 674 (11 SE 544).
2. The remaining enumerations of error contest the sufficiency of the evidence to support the verdict. We have carefully examined the evidence in its totality and find ample evidence to support the verdict and judgment. Robinson v. State, supra; Elrod v. State, 128 Ga. App. 250 (196 SE2d 360).
Judgment affirmed. Pannell, P. J., and Evans, J., concur.