## 30665. In re PRISONERS AWAITING TRANSFER.

JORDAN, Justice.

The State Board of Corrections, Allen L. Ault, as Director of Corrections, and the Department of Offender Rehabilitation appeal from an order entered by Judge George A. Horkan, Jr., of the Southern Judicial Circuit, on his own motion.

The order appealed from states in "Whereas" clauses that the Director of Corrections and the Department of Offender Rehabilitation are not obtaining prisoners from the Colquitt County Jail within a reasonable time and that some prisoners have been waiting for as long as from four to six months, after sentence, before being taken into the state penal system. After other "findings," the court orders. that male prisoners receiving a penitentiary sentence be immediately transferred from Colquitt County Jail to the Colquitt County Correctional Institution where they are to be treated as state prisoners. The court further orders that the Department of Offender Rehabilitation is to pick up and assign prisoners from Colquitt County Correctional Institution within a reasonable time or pay and reimburse Colquitt County for the state prisoners incarcerated at the county institution at a per diem rate provided by law for the keeping of state prisoners as if they had been assigned to Colquitt County Correctional Institution by the Department of Offender Rehabilitation. The order then states that failure to do as the order provides will subject the offender or offenders to punishment for contempt.

1. "A judgment rendered sua sponte by the superior court which mandates actions and which, if valid, would authorize the court to hold the persons named in such judgment in contempt of court is an appealable judgment." *Darden v. Ravan,* 232 Ga. 756, 758 (208 SE2d 846) (1974); *Potts v. State,* 236 Ga. 230 (1976).

2. Where any person is sentenced to serve time in a penal institution in this state, he is committed to the custody of the Director of Corrections, who, with the approval of the State Board of Corrections, shall designate the place of confinement where the sentence

shall be served. Code Ann. § 77-309 (b) (Ga. L. 1956, pp. 161, 171; 1964, pp. 489, 490; 1968, p. 1399; 1969, p. 602; 1971, pp. 435, 436; 1972, p. 582; 1973, pp. 1297, 1298; 1973, p. 1299). Upon the imposition of such a sentence, and after all appeals or other motions have been disposed of so that the conviction has become final, the clerk of the court shall immediately notify the Director of Corrections of the sentence, and provide a history of the person sentenced. Code Ann. § 77-309 (c). Within a reasonable time thereafter, the Director of Corrections shall assign such prisoner to a correctional institution designated by him. Code Ann. § 77-309 (d).

The order entered by the superior court judge under consideration here assigns male prisoners sentenced in Colquitt Superior Court to the Colquitt County Correctional Institution, not as prisoners awaiting assignment by the state correctional authorities, but as "State prisoners." It requires the Department of Offender Rehabilitation to remove and assign such prisoners within a reasonable time, or to reimburse Colquitt County for their maintenance at the same per diem rate as if the Department had assigned them to the Institution.

A superior court judge is without jurisdiction to perform the duties imposed by law on state correctional authorities. Inasmuch as this order assigns prisoners as state prisoners to a correctional institute, it is un-authorized and void. Compare *Howington v. Wilson,* 213 Ga. 664 (100 SE2d 726) (1957).

No supervisory power is given to superior court judges over state correctional authorities. The portion of the order mandating action by the Department of Offender Rehabilitation, and subjecting its agents to contempt for failure to obey the order, was entered by the judge on his own motion. There was no pending action in which the Superior Court of Colquitt County had jurisdiction of the state correctional authorities, and the state authorities were given no notice or hearing. The order is completely void, and the appellants are entitled to have it so declared. Compare *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 587 (5) (198 SE2d 281) (1973).

*Judgment reversed. All the Justices concur, except Ingram and Hall, JJ., who dissent.*

ARGUED JANUARY 14, 1976 — DECIDED
MARCH 16, 1976.

*Arthur K. Bolton, Attorney General, G. Thomas
Davis, Sr., Assistant Attorney General,* for appellant.
     *Moore & Chambliss, Saxby Chambliss,* for appellee.

INGRAM, Justice, dissenting.
     I dissent to the majority opinion which holds that the present order of the Superior Court of Colquitt County is void. A careful reading of the order convinces me that it was intended to require the State Director of Corrections to carry out the duties and responsibilities imposed upon him by law with respect to state male prisoners in Colquitt County. See Code Ann. § 77-309 (c) and (d). These prisoners had "been waiting [in the local jail] for as long as from four to six months, after sentence, before being taken into the State penal system."
     The majority opinion concedes that Code Ann. § 77-309 (d) requires the State Director of Corrections to place state prisoners in an institution within a reasonable time and, by not ruling to the contrary, it tacitly admits that four to six months is an unreasonable period. The majority hold the entire order void because the "superior court judge is without jurisdiction to perform the duties imposed by law on state correctional authorities.".
     I will concede that perhaps the judge had no authority to assign these state prisoners to a particular institution but this infirmity should not render the entire order void. The remainder of the order requiring the director to place these state prisoners in a state institution within a reasonable time is exactly what the statute requires the director to do throughout Georgia. The order includes a finding that the director has not complied with the statute in Colquitt County and the judge merely directs him to do so.
     The state complains the director was not given a formal hearing in Colquitt County before the order was entered. This is probably a good technical objection and

certainly the better practice would be to have a hearing. However, I find it difficult to believe that receipt of the order by the state penal authorities was the first time they realized that state prisoners were being made to wait four to six months in the local jail before being assigned to a state institution. In addition, I note the state's brief does not dispute the accuracy of the factual findings by the trial judge.

In any event, the failure to give the director a hearing can be considered harmless error when the valid portion of the order is construed as requiring the director merely to carry out the plain mandate of the law to pick up state prisoners within a reasonable time. With this in mind, I am of the opinion that this court erred in declaring the entire order void and would affirm in part and reverse in part this order of the trial court.

I am authorized to state that Justice Hall joins in this dissent.