## A97A1861. EUBANKS v. THE STATE.
(494 SE2d 564)

RUFFIN, Judge.

Eugene Keller Eubanks pled guilty to the felony of making terroristic threats and a misdemeanor battery charge. The trial court sentenced Eubanks to serve 90 days in the Douglas County jail with the remainder of the sentence on probation. The same day he was sentenced, the Douglas County jail released him. The superior court ordered Eubanks rearrested, finding that the jail had improperly released him prior to the expiration of his 90-day sentence. Eubanks appealed, arguing that the jail correctly credited him for days he attained due to good behavior. For the following reasons, we affirm the decision of the lower court.

The record shows that Eubanks voluntarily and knowingly pled guilty to the felony of making terroristic threats and misdemeanor battery. Under the sentence portion of Eubanks' court disposition sheet, the trial court checked the "Felony Sentence" box. The sentence provided for "confinement for a period of 3 years on terroristic threats Count (3); 12 months concurrent on battery." The disposition form also provided that upon serving "90 days in Douglas Co. Jail," Eubanks would serve the remainder of the sentence on probation.

The Douglas County jail interpreted the language "90 days in Douglas Co. Jail" on the disposition form to mean that it had the authority to compute the sentence pursuant to its own guidelines, including the allowances it gave for good behavior. After considering the time Eubanks had already served, combined with the allowance of time off for good behavior, the jail released him.

On appeal, Eubanks asserts that the trial court erred in having him rearrested because the court's order of "90 days in Douglas Co. Jail" applied to the misdemeanor charge and not the felony, and thus his sentence was correctly calculated by the county jail. However, the record clearly shows that the trial court sentenced Eubanks as a felon. The court checked the "Felony Sentence" box on the disposition sheet, and the three-year sentence on the felony charge of terroristic threats is greater than that allowed for misdemeanor sentencing. See OCGA § 17-10-3. The 12-month sentence on the battery conviction was clearly concurrent with the felony sentence. Consequently, because Eubanks was sentenced as a felon, the Department of Corrections, rather than the county, had authority over him in accordance with OCGA § 42-5-51.

Under OCGA § 42-5-51 (b), when a person is convicted of a felony and sentenced to serve time in any penal institution in Georgia, "he shall be committed to the custody of the commissioner [of corrections]." It is the duty of the clerk of the trial court to notify the commissioner of a felony sentence within 30 working days after receiving

the sentence. OCGA § 42-5-50 (a). Thereafter, the commissioner, with the Board of Corrections' approval, "shall designate the place of confinement where the sentence shall be served." OCGA § 42-5-51 (b). The commissioner has the authority to designate the place of confinement, regardless of "any language in the sentence as passed by the court. . . ." OCGA § 42-5-51 (d).

In this case Eubanks received a felony sentence, therefore the trial court had no authority to sentence him to a specific institution and the county had no authority to calculate Eubanks' jail time. See *In re Prisoners Awaiting Transfer*, 236 Ga. 516 (224 SE2d 905) (1976). "Any language in the sentence purporting to designate a place of confinement is mere surplusage which is not binding . . ." on the commissioner. 1993 Op. Atty. Gen., 93-17. Even if the sentence is not technically in the right form due to the insertion of "90 days in Douglas Co. Jail," the irregularity was not harmful to any right of liberty and was not such a defect that rendered the sentence void. See *Mathis v. Scott*, 199 Ga. 743 (35 SE2d 285) (1945).

While it is clear that Eubanks was sentenced as a felon, that the county did not have authority to compute his sentence and that the trial court properly rearrested Eubanks and disallowed the county jail's allowance for good time, it is not clear from the record whether the clerk of court properly notified the commissioner of Eubanks' sentence pursuant to OCGA § 42-5-50 or whether Eubanks was in fact committed to the custody of the commissioner in accordance with OCGA § 42-5-51 (b). Thus, we remand this case for the trial court to determine whether the commissioner received the appropriate notice as well as custody of Eubanks. If not, the trial court is directed to order the clerk of court to provide said notice and to commit Eubanks to the custody of the commissioner.

*Judgment affirmed and remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 4, 1997 —

*Winn, Price & Winn, Frank C. Winn*, for appellant.

*David McDade, District Attorney, Irene M. Jacobsen, Assistant District Attorney*, for appellee.