## A04A0265. MASSEY v. THE STATE.
### (600 SE2d 437)

BARNES, Judge.

William Roy Massey was indicted for criminal attempt to possess cocaine, felony obstruction of a law enforcement officer, and misdemeanor obstruction of a law enforcement officer. A jury found Massey guilty of the attempted possession and misdemeanor obstruction charges, and following the denial of his motion for new trial, he appeals. Because we find that the evidence was sufficient to support his conviction, we affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that on August 15, 2002, a LaGrange Police Department investigator was working an undercover drug operation and arranged for an informant to make a drug buy. The informant called a known drug dealer and asked him to deliver crack cocaine to a certain location. After the dealer arrived at the location and made the drug deal, the police attempted to stop his vehicle, but he would not stop. A short pursuit ensued, after which the dealer got out of his car and ran away on foot. As he got out of the car, he dropped a cell phone. While the cell phone was in police custody, it rang, an officer answered, and the person on the other end, who sounded like "a white male"

> stated that he was the brother of so-and-so — I don't remember the name — and wanted to know if I remembered him. I said I didn't, asked him what he needed. He wanted to know if I could hook him up. I asked what he needed, did he need green or hard; he stated hard. How much; he said thirty-dollars worth.

The officer testified that "green" is a street term for marijuana, and "hard" is a commonly used term for crack cocaine. The officer said that he had worked with the police department for over five years and had heard the terms used "hundreds of times." The officer arranged to meet the person at a nearby service station. The man said he would arrive in ten minutes and would be driving a red Beretta. The officers drove to the service station, and approximately eight minutes later a red Beretta driven by a white male with a white female passenger "pulled into the side entrance of the BP station and drove into the parking lot real slow. The male driver was looking around the parking lot as if to be looking for somebody." The driver, who was identified at trial as Massey, got out of the car, removed a piece of paper from his wallet, and dialed a number using a pay phone in front of the store.

The cell phone the police had recovered rang. When police approached him, he hung up the phone, and the cell phone stopped ringing. Massey refused to identify himself and could not produce a driver's license. When the officers asked him to step to the side of the building for questioning, "he took a fighting stance and pulled back his right arm" and a struggle ensued. Massey was subsequently arrested and convicted of the above-mentioned crimes. A piece of paper with the drug dealer's cell number was recovered from Massey's pants pocket.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In his sole enumeration of error, Massey contends that the trial court erred in the denial of his directed verdict and new trial motions because there is no evidence of a substantial step toward the commission of a crime. He also argues that because he did not commit a crime, he had the right to resist arrest.

Under OCGA § 16-13-30 (a), "it is unlawful for any person to purchase, possess, or have under his control any controlled substance." Crack cocaine is a controlled substance. See OCGA § 16-13-21. OCGA § 16-4-1 provides that "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." The relevant question is whether the acts alleged in the indictment constitute a substantial step toward the commission of the crime.

> To constitute a substantial step, an act must be one that is done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case. The phrase "inexplicable as a lawful act" does not mean that the act itself must be unlawful. Rather, it means that the act, in light of previous acts, constitutes a substantial step toward the commission of a crime.

(Punctuation and footnotes omitted.) *Dennard v. State*, 243 Ga. App. 868, 871-872 (1) (a) (534 SE2d 182) (2000).

Massey's acts, including telephoning a known drug dealer and driving to the location to make the transaction, sufficiently constitute a substantial step under *Jackson v. Virginia* to convict Massey of attempting to possess cocaine. *Day v. State*, 235 Ga. App. 771 (1) (510 SE2d 579) (1998).

Misdemeanor obstruction consists of knowingly and wilfully obstructing or hindering any law enforcement officer in the lawful discharge of his official duties. OCGA § 16-10-24 (a). Massey does not contend that he did not resist arrest but argues that resistance was justified because his arrest was unlawful. Based on our conclusion that the arrest was lawful, Massey was not justified in obstructing the police, and thus the evidence supports his conviction for misdemeanor obstruction.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 19, 2004.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.