## A05A1116. FLORESCU v. THE STATE.
### (623 SE2d 147)

ELLINGTON, Judge.

In February 2003, a Gwinnett County jury convicted Vasile Florescu of two counts of aggravated stalking, OCGA § 16-5-91. Florescu filed a motion for new trial, but the trial court issued an order in which it refused to conduct a hearing or to rule on the motion based upon its finding that Florescu was, at that time, mentally incompetent and unable to assist his counsel in challenging his conviction. Florescu appeals from the court's order. For the following reasons, we reverse the trial court's order and remand this case to the trial court for a hearing on Florescu's motion for new trial.

The record shows the following undisputed facts. In 2002, Florescu was arrested for stalking his former female co-worker. At trial, Florescu testified that the co-worker had tried to recruit him to join secret organizations, specifically Al-Qaida and the Taliban. He also testified that the co-worker offered him sex in exchange for $4,000 and that she exposed herself to him, revealing several unattractive distinguishing marks. Following Florescu's conviction, a psychiatrist evaluated Florescu and determined that, at the time of the evaluation, Florescu was delusional and unable to assist his attorney in challenging his conviction. Florescu then filed an amended motion for new trial which contended, inter alia, that he had been incompetent to stand trial, that the trial court improperly failed to conduct a hearing on his competence, and that his trial counsel was ineffective for failing to request a psychiatric evaluation prior to or during trial to establish his lack of competence.

Instead of conducting a hearing or ruling on the merits of Florescu's motion for new trial, however, the trial court found that Florescu was currently incompetent to assist his attorney in pursuing the motion for new trial. Based upon this finding, the court issued an order refusing to rule on the motion. In explaining its order, the trial court wrote that Florescu had a right to be present at the motion for new trial hearing and that, in order for Florescu to prove his claim that he was denied a fair trial, Florescu would have to participate in

the hearing and present evidence concerning his present mental health status, as well as his status prior to and during trial. The court then concluded that, since Florescu was currently incompetent, the hearing would have to be postponed until he had received treatment, was competent, and could participate.

1. On appeal, neither the State nor Florescu challenge the trial court's finding that he is currently mentally incompetent. Instead, Florescu contends that the trial court erred in refusing to conduct a motion hearing and rule on the merits of his motion for new trial until he is competent. This situation raises an issue of first impression for this State's courts, as follows: Does a defendant who has been convicted of a crime have to be mentally competent while his appellate counsel pursues a motion for new trial? We conclude that he does not.

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U. S. 162, 171 (II) (95 SC 896, 43 LE2d 103) (1975). If defense counsel receives reliable information that a defendant has a history of mental problems or receives other notice that the defendant may be mentally incompetent to stand trial, counsel should investigate and, when appropriate, raise the issue of defendant's competency in a special plea prior to trial. OCGA § 17-7-130 (a); *Martin v. Barrett*, 279 Ga. 593, 595 (619 SE2d 656) (2005) (even when a defendant appears to be sane, "counsel cannot depend on his or her own evaluation of [the defendant's] sanity *once he has reason to believe an investigation is warranted* because, where such a condition exists, the defendant's attorney is the sole hope that it will be brought to the attention of the court") (citation omitted; emphasis in original). When counsel raises the issue before trial, the trial court must conduct a separate trial by a special jury to resolve the issue of defendant's competency before proceeding with the trial on the crimes charged. OCGA § 17-7-130 (a). Even when counsel fails to raise the issue in a special plea, however, if the defendant's testimony or behavior during trial raises a "bona fide doubt" as to his mental competency to stand trial, a trial court must conduct, sua sponte, a competency hearing before continuing with the trial. *Drope v. Missouri*, 420 U. S. at 173 (II); *Baker v. State*, 250 Ga. 187, 189-191 (1) (297 SE2d 9) (1982); *White v. State*, 202 Ga. App. 424, 425 (414 SE2d 328) (1992). "The proceeding should focus on the determinative factors of competence: whether the defendant (1) understands the nature and object of the proceedings against him; (2) comprehends his own position in relation to the proceedings; and (3) is capable of assisting in his defense." (Citation omitted.) *Brogdon v. State*, 220 Ga.

App. 31, 33 (1) (467 SE2d 598) (1996). A competency hearing "is in the nature of a civil proceeding and the defendant has the burden to prove incompetency by a preponderance of the evidence." (Citations and punctuation omitted.) *Partridge v. State*, 256 Ga. 602, 603 (1) (351 SE2d 635) (1987). The United States Supreme Court has held that states do not violate a defendant's constitutional rights by placing the burden of proof on the defendant to prove by a preponderance of evidence that he is incompetent to stand trial, *even though the defendant may, in fact, be mentally incompetent at the time of the hearing. Medina v. California*, 505 U. S. 437, 451-452 (II) (112 SC 2572, 120 LE2d 353) (1992). Recognizing that defendants have the right to assistance of counsel during competency hearings, the Supreme Court also acknowledged that,

> [a]lthough an impaired defendant might be limited in his ability to assist counsel in demonstrating incompetence, the defendant's inability to assist counsel can, in and of itself, constitute probative evidence of incompetence, and defense counsel will often have the best-informed view of the defendant's ability to participate in his defense.

(Citations omitted.) Id. at 450.

In this case, neither the trial court nor trial counsel raised the issue of Florescu's competency during trial, and Florescu was convicted without any adjudication on the issue of his competency. In his motion for new trial, however, Florescu argued that his testimony[1] at trial was so outrageous that the trial court should have interrupted the proceedings and made an inquiry into his competency. He also contended that his testimony should have placed trial counsel on notice that he was incompetent to stand trial and that counsel should have asked for a psychiatric evaluation and hearing on the issue.

(a) In its order delaying a hearing on the motion for new trial, the trial court ruled that Florescu would have to be competent during the hearing so that he could testify regarding his mental health status before, during, or after the trial. That testimony is irrelevant, however. Instead, the crucial question during the motion hearing will be whether Florescu's trial testimony was so patently unusual or outrageous that it gave trial counsel a reason to believe a mental health evaluation was warranted or it raised a bona fide doubt regarding his competence that required the trial court to stop the proceedings and

---

[1] Although Florescu also contended in his motion for new trial that he "exhibit[ed] bizarre behavior" at trial, he failed to describe *any* unusual behavior, instead referring only to his trial testimony.

conduct a competency hearing. See *Drope v. Missouri*, 420 U. S. at 173 (II); *Martin v. Barrett*, 279 Ga. at 595; see also *Lokos v. Capps*, 625 F2d 1258, 1261 (II) (B) (5th Cir. 1980) (holding that the relevant question for whether the defendant's procedural rights were violated when the trial court failed to conduct, sua sponte, a competency hearing was whether the judge received "information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense"). The trial court should be able to address this question by reviewing the trial transcript and hearing argument of counsel, without the need for additional testimony from Florescu to explain or enhance his trial testimony. See generally *Norris v. State*, 250 Ga. 38, 43 (3) (295 SE2d 321) (1982) (relying upon the trial record in concluding that the trial court did not abuse its discretion in failing to interrupt the trial for a competency hearing).

(b) Further, even if an issue of Florescu's mental competence had been raised before or during the trial, the trial court would have been required to conduct a hearing to resolve the issue. During that hearing, Florescu would have had the burden of proving his incompetence, even if he was, in fact, incompetent and unable to assist his counsel. It follows, therefore, that Florescu's current mental incompetence provides no logical basis to delay a post-conviction proceeding to address whether he was incompetent at trial, whether the trial court should have been on notice of his incompetency and conducted a hearing during trial, or whether his trial counsel was ineffective for failing to timely raise the competency issue.

(c) Moreover, the trial court's finding that Florescu has a right to be present at the motion for new trial hearing is simply incorrect. In Georgia, the constitutional right of one accused of a felony to be present during the course of his trial does not extend to post-verdict procedures such as a motion for new trial. *Drake v. State*, 248 Ga. 891, 895 (2) (287 SE2d 180) (1982); see also *Brown v. State*, 250 Ga. 66, 75 (7) (295 SE2d 727) (1982) (unless a defendant is facing the death penalty, "there is no law or constitutional principle which guarantees to [the defendant] the right to be present in court upon the hearing of his motion for a new trial") (citations and punctuation omitted); *Backey v. State*, 234 Ga. App. 265, 267 (4) (506 SE2d 435) (1998) (defendant contending he was denied the effective assistance of counsel had no right to be present at hearing on motion for new trial).

Accordingly, we find the trial court improperly refused to conduct a hearing on Florescu's motion for new trial. We reverse the trial court's order and remand the case for a hearing on the motion.

2. Florescu also challenges the portion of the trial court's order which directed the Department of Corrections to transfer him to a facility where he can undergo mental health treatment, presumably until he is competent to pursue his motion for new trial. Florescu correctly argues that, once he was convicted of a felony and sentenced to incarceration, the trial court lacked the authority to designate where he must serve his incarceration, since this decision lies solely with the Department of Corrections. OCGA § 42-5-51 (b),[2] (d); see *Eubanks v. State*, 229 Ga. App. 667, 668 (494 SE2d 564) (1997) (finding that a trial court was not authorized to sentence a defendant convicted of a felony to be incarcerated in the county jail, but that such language in the sentence was "mere surplusage" and was not binding on the Department of Corrections); cf. OCGA § 17-7-130 (providing that, if a defendant is found to be incompetent to stand trial *prior* to his conviction, a trial court must transfer the defendant to the Department of Human Resources for evaluation and treatment until the defendant is determined to be competent to stand trial).

Pretermitting whether this issue is moot given our decision in Division 1, supra, we conclude the trial court erred in directing the Department of Corrections to transfer Florescu to another facility.

*Judgment reversed and case remanded. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 7, 2005.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.

---

[2] "Where any person is convicted of any offense, misdemeanor, or felony and sentenced to serve time in any penal institution in this state . . . , he shall be committed to the custody of the commissioner who, with the approval of the board, shall designate the place of confinement where the sentence shall be served." OCGA § 42-5-51 (b).