## A06A1444. JOHNSON v. THE STATE.
(635 SE2d 278)

MILLER, Judge.

Following a jury trial, Tommy Alfred Johnson was convicted of kidnapping with bodily injury, aggravated assault with the intent to rob, aggravated assault, possession of a firearm during the commission of a crime, and possession of methamphetamine. Johnson appeals, claiming that the evidence was insufficient to sustain his convictions and that the trial court erred in (i) failing to sever the possession of methamphetamine charge from the kidnapping with bodily injury charge, (ii) allowing the State to introduce evidence seized in an unlawful search, and (iii) considering two prior out-of-state convictions during sentencing without reviewing a certified copy of the applicable statutes. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that Johnson and his girlfriend, Colleen Pelz, were temporarily living with Richard Ellis and his 13-year-old daughter in Cherokee County. On December 1, 2003, after Johnson, Pelz, and

---

[1] *State v. Carlisle*, 280 Ga. 770 (631 SE2d 347) (2006).
[2] *Carlisle v. State*, 273 Ga. App. 567, 571-573 (2) (615 SE2d 543) (2005).

Ellis smoked methamphetamine, Ellis and Johnson became engaged in an argument that escalated into a physical altercation when Johnson struck Ellis in the head with a club. Ellis crawled under his truck to escape from Johnson, but Johnson grabbed him, put his head next to the front tire of the truck, and told Pelz to run over him with the truck. When Pelz refused, Johnson told her to bring him his revolver. Johnson put the revolver to Ellis' head and threatened to kill him.

Convinced by Pelz not to shoot Ellis, Johnson bound Ellis with handcuffs and duct tape, continued to beat him, took his wallet and money clip, and threw him into a camper. When Ellis resisted being locked in the camper, Johnson hit him on the head with the revolver, causing him to go in and out of consciousness. With Ellis secured in the camper, Johnson and Pelz hitched the camper to Ellis' truck. Johnson then drove the truck to a motel, with Pelz and Ellis' daughter riding as passengers.

Johnson and Pelz took Ellis' daughter into a motel room that had been reported to police as the site of drug activity. Shortly thereafter, police officers knocked on the door, identified themselves, and asked Johnson if they could come in and talk. Johnson motioned the officers in. When one of the officers asked Johnson if he had a key to the motel room, Johnson produced a key from a pair of pants that were lying on the floor. The officers asked Johnson if they could search the pants, and Johnson consented, maintaining that the pants did not belong to him. Inside one of the pockets, the officers found a small metal canister that contained crystal methamphetamine. When the officers later examined Johnson's wallet, they discovered two plastic bags that also contained methamphetamine.

After Johnson was arrested for possession of a controlled substance, one of the officers went to the motel's parking lot and heard Ellis moaning inside the camper. After opening the camper, the officer found Ellis still handcuffed, bound, and bloodied.

1. Johnson claims that the evidence was insufficient to sustain his convictions for possession of methamphetamine and kidnapping with bodily injury. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Here, despite Johnson's claims that the canister containing methamphetamine was discovered in pants that did not belong to

him, the jury was justified in concluding otherwise, especially since the officers testified that Johnson was keeping his motel key and wallet in those pants. Evidence of the additional methamphetamine found in the bags in Johnson's wallet was also sufficient for the jury to find Johnson guilty of possession of methamphetamine. See OCGA § 16-13-30 (a). Further, Ellis' testimony was sufficient to support Johnson's conviction for kidnapping with bodily injury under OCGA § 16-5-40. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

2. Johnson claims that the trial court erred in refusing to sever the possession of methamphetamine charge from the charge of kidnapping with bodily injury. We disagree.

We will not disturb a trial court's denial of a motion to sever absent an abuse of discretion. See *Agony v. State*, 226 Ga. App. 330 (1) (486 SE2d 625) (1997). Here, when Johnson was arrested for possession of methamphetamine, the kidnapping was ongoing, since Ellis remained locked in the camper where Johnson had bound him. Moreover, the police officer discovered Ellis only because he was investigating the camper following Johnson's arrest for possession. It is not an abuse of discretion for the trial judge to deny a motion for severance where the crimes alleged were part of a continuous transaction and "from the nature of the entire transaction, it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other." (Citations and punctuation omitted.) *Stewart v. State*, 239 Ga. 588, 589 (3) (238 SE2d 540) (1977). As a result, the trial court did not abuse its discretion in denying Johnson's motion to sever, and this enumeration is without merit.

3. Johnson alleges that the trial court erred in denying his motion to suppress evidence of methamphetamine found in the canister and in his wallet because the search in the motel room was unlawful. We disagree.

In reviewing a trial court's decision on a motion to suppress where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, an appellate court is required to conduct a de novo review of the trial court's application of law to the undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). Where the evidence is controverted or where the credibility of police officers is at issue,

> [the trial court's] findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them] . . . , the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous . . . , [and] the reviewing

court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Footnote omitted.) *State v. Brown*, 278 Ga. App. 457, 460 (629 SE2d 123) (2006).

Here, Pelz testified at the motion for new trial hearing as Johnson's sole witness. Pelz admitted on cross-examination that she was not paying attention to the conversation between Johnson and the officers in the motel room and that she did not know whether the officers asked Johnson for his consent to come in the room or to search the pants that contained the canister of methamphetamine. In contrast to Pelz's uncertainty, the officers testified that after they identified themselves and requested permission to enter the motel room, Johnson stepped out of the doorway and motioned for them to enter. The officers also testified that Johnson gave them permission to search the pants that were on the floor, although Johnson denied that they belonged to him. Construing the evidence in favor of the trial court's findings and judgment, we find that the trial court did not clearly err in concluding that the officers had consent to enter the room and search the pants.

In addition, since the officers searched Johnson's wallet after they arrested him for possession of the canister of methamphetamine found in his pants, the search of the wallet was authorized as a search incident to an arrest. See, e.g., *Lopez v. State*, 267 Ga. App. 532, 538 (6) (601 SE2d 116) (2004).

4. Johnson claims that the trial court erred in considering two prior Oklahoma convictions during sentencing without reviewing a certified copy of the applicable Oklahoma statutes. Again, we disagree.

OCGA § 17-10-7 (a) generally provides that a person convicted in Georgia of a felony punishable by confinement in a penal institution must receive the maximum sentence provided for such offense if he or she was previously convicted under the laws of another state "of a crime which if committed within this state would be a felony."

We have previously held that the State has the burden of introducing evidence to show that a foreign conviction was for conduct that would be considered felonious in Georgia. *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000). Here, the State introduced copies of the applicable Oklahoma statutes, which were signed by an Assistant Attorney General of Oklahoma. After hearing argument by both the State and Johnson, the trial court concluded that Johnson's conduct in violating the Oklahoma statutes would be considered felonious in Georgia. We find no basis for concluding that

the trial judge was required to review certified copies of the Oklahoma statutes in order to reach its conclusions, and the trial court did not err in sentencing Johnson pursuant to OCGA § 17-10-7 (a).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2006.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Allen D. Morris, Assistant District Attorney*, for appellee.