## S06A1202. ORR v. THE STATE.
(636 SE2d 505)

SEARS, Chief Justice.

Dorian Orr was convicted in 2005 of malice murder and related offenses in connection with the shooting death of Michael Grant.[1] Orr appeals, arguing that the trial court improperly admitted portions of a recording from a 911 phone call placed shortly after the murder. Because the trial court erred in admitting certain statements on the 911 recording, we reverse.

1. The evidence presented at trial showed that Grant was shot and killed as he left a home in Savannah in the early morning hours of May 17, 2003. One witness, Darrell Ferguson, testified that he saw Orr slowly drive by the residence where Grant was located and then park his car nearby. Ferguson testified that when Grant emerged from the residence to leave, Orr got out of his car and shot him multiple times. Grant died at the scene. Orr was arrested in New York. Ferguson identified Orr as the shooter in a photographic lineup and at trial.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Orr guilty of the crimes for which he was convicted.[2]

2. Orr contends that the trial court committed reversible error when it admitted the recording of a 911 phone call, during which an unknown third party, who was not the caller, can be heard stating the defendant's name.[3] The statement is barely audible on the recording.

The State argues that the statement was admissible under the res gestae exception to the hearsay rule. Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought,

---

[1] The crimes were committed on May 17, 2003. On December 10, 2003, Orr was indicted by a Chatham County grand jury for malice murder, felony murder with aggravated assault as the underlying felony, and possession of a firearm in the commission of a felony. On February 3, 2005, Orr was convicted on all counts. The felony murder conviction was vacated as a matter of law. He received a life sentence for malice murder and a five-year consecutive sentence for the possession offense. Orr moved for a new trial on March 1, 2005. A hearing on the motion was held on November 22, 2005, and the trial court denied the motion on November 28, 2005. After the trial court granted Orr's motion for an out-of-time appeal, Orr filed a timely notice of appeal. The case was docketed in this Court on March 24, 2006, and orally argued on June 12, 2006.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] The trial court admitted multiple 911 recordings associated with the shooting in this case, but Orr concedes that all of the recordings except the one wherein his name was mentioned were admissible. The recordings were not testimonial in nature and thus did not violate Orr's right of confrontation under *Crawford v. Washington*, 541 U. S. 36, 68 (124 SC 1354, 158 LE2d 177) (2004). See *Pitts v. State*, 280 Ga. 288 (627 SE2d 17) (2006) (non-testimonial 911 recordings properly admitted as res gestae).

shall be admissible in evidence as part of the res gestae." "Statements made by bystanders are admissible as part of the res gestae to throw light on an occurrence, but only if they are free from all suspicion of device or afterthought and are not merely the expression of opinions or conclusions."[4]

Orr claims, however, that the statement was not admissible under the res gestae exception because there is no way to determine whether the speaker was speaking from personal knowledge when he stated the defendant's name and thereby placed him at the scene of the crime. In *Dolensek v. State*, we held that:

> The res gestae exception . . . dispenses with the presence of the declarant in court and with the administering of an oath, but it cannot properly dispense with the requirement that in some way, at least, and with some degree of persuasive force, it must appear that he was in reality a witness to the thing which he declared. Absent evidence showing that the declarant spoke from personal knowledge, the statement is reduced to a mere expression of an opinion or conclusion, which is inadmissible.[5]

In this case, there was no evidence to show that the declarant spoke from personal knowledge, or whether he was merely relaying information he had obtained from another person. Accordingly, because there was no evidence by which the trial court could assess the personal knowledge of the speaker, or the reliability of the statement generally, we find the trial court's decision to admit the statement under the res gestae exception to be clearly erroneous.[6]

We have no difficulty in determining that the improper admission of the statement in this case constituted harmful error. The evidence against Orr was far from overwhelming, and there were multiple inconsistencies between the testimony of the State's primary witness, Ferguson, and the physical evidence.[7] Most importantly to the harmful error analysis, however, is a note from the jury. Shortly after closing argument, in which the State highlighted the mentioning of the defendant's name in the 911 recording, the jury sent a note to the trial court requesting to hear the 911 recording

---

[4] *Dolensek v. State*, 274 Ga. 678, 679 (588 SE2d 713) (2002).

[5] Id. at 679 (quoting *Freeman v. Lambert*, 268 Ga. App. 751, 752-753 (309 SE2d 873) (1983)).

[6] *Andrews v. State*, 249 Ga. 223 (290 SE2d 71) (1982).

[7] For example, Ferguson, who had prior convictions for giving false information to police officers, testified that only Orr fired a gun during the crime. Police, however, found two types of shells at the scene. Other physical evidence and the testimony of other witnesses also contradicted Ferguson's testimony. Ferguson's testimony was the only evidence, other than the 911 recording, that placed Orr at the scene of the crime.

again, stating that, "we see it as vital to our deliberations." The court complied with the request. As nothing else in the 911 recordings implicated the defendant in any way, it is clear that the recorded statement placing the defendant at the scene of the crime figured importantly in the jury's deliberations.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Zipperer, Lorberbaum & Beauvais, Steven Beauvais,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General,* for appellee.