## A07A0676. STEWART v. THE STATE.
### (647 SE2d 411)

RUFFIN, Judge.

A jury found Corey Stewart guilty of possessing cocaine. Stewart filed a motion for a new trial, which the trial court denied. Stewart appeals, arguing that: the evidence was insufficient to support his conviction; the trial court erred in admitting evidence of certain telephone calls; he received ineffective assistance of counsel; and the trial court erred in considering his prior record in sentencing him and in sentencing him to serve in the prison work camp. For reasons that follow, we affirm.

1. "On appeal from a criminal conviction, we view the evidence in [a] light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence."[1] Our role is to determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt; we neither weigh the evidence nor determine witness credibility.[2] In this case, the evidence shows that on March 16, 2004, Gwinnett County deputy sheriffs served a temporary protective order and warrant for a probation violation on Stewart at an apartment in Norcross. As they approached the apartment, Stewart had just opened the front door to admit someone else. Stewart tried to shut the door when he saw the deputies, but they pushed the door open. Stewart was then handcuffed, and deputies performed a protective sweep of the apartment.

Two other men and two women were present in the two-bedroom apartment. One of the women told a deputy that there were guns and drugs in the apartment. In one bedroom, deputies found a 15-year-old boy, Tristen Cailloutte, asleep on the bed. On the same bed were keys, cigarettes, a lighter, and clear plastic bags containing crack cocaine. In the other bedroom, deputies found a man and a woman along with cocaine and drug paraphernalia.

---

[1] *Massey v. State*, 267 Ga. App. 482, 483 (600 SE2d 437) (2004).
[2] See id.

Cailloutte told deputies that he lived at the apartment with his father and that Stewart was staying at the apartment to "[keep] an eye on him" while his father was out of town. Cailloutte said that the bedroom in which he was sleeping was his father's and that Stewart had been occupying it; however, Cailloutte had gone to sleep there that night because he found his own bedroom occupied by acquaintances of Stewart. Cailloutte told deputies that Stewart had been selling drugs from the apartment. At trial, however, Cailloutte denied telling deputies that Stewart was selling drugs.

Cailloutte identified the items on the bed where he was sleeping as belonging to Stewart, but, again, recanted at trial. Nonetheless, Cailloutte testified that the items on the bed did not belong to him, and that he and Stewart were the only two people who regularly stayed at the apartment while his father was gone. At the scene, Stewart confirmed to deputies that the keys, lighter, and cigarettes were his, although he denied doing so at trial. Deputies also found a gun belonging to Stewart's friend in the bedroom; Cailloutte said that Stewart had received the gun in trade for drugs, but recanted this statement at trial.

While the deputies were at the apartment, the telephone rang "repeatedly." Deputy Black answered the telephone several times. He testified that "[t]he first couple [of] times people were calling saying they needed a hook-up and I was telling them now is not a good time." In four or five subsequent calls, the caller asked for "either $30 or $40 dollars [sic] worth" and Deputy Black told them "go ahead and come on over." A number of people came to the apartment, but left when they encountered the deputies.

Stewart contends there was insufficient evidence to convict him of possession of cocaine because other individuals were in close proximity to the drugs. But the cocaine Stewart was charged with possessing was found with his cigarettes, lighter, and keys, in a room used by him, and was identified as his by Cailloutte.[3] Based on this evidence, the jury was authorized to find that Stewart possessed cocaine.[4]

2. Stewart asserts that the trial court erred in admitting evidence of the telephone conversations between Deputy Black and the

---

[3] Although at trial Cailloutte recanted much of his initial statement to law enforcement, the jury's role is to resolve conflicts in the evidence and evaluate witness credibility. It was therefore authorized to believe Cailloutte's initial statement rather than his in-court denial, especially as he continued to deny that the drugs were his and admitted that he remained in contact with Stewart, who was a family friend. See *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997); *King v. State*, 268 Ga. App. 707, 709 (603 SE2d 54) (2004).

[4] See *Ibekilo v. State*, 277 Ga. App. 384, 386-387 (3) (626 SE2d 592) (2006); *Johnson v. State*, 281 Ga. App. 7, 8-9 (1) (635 SE2d 278) (2006).

unknown callers because the statements at issue are hearsay. The trial court admitted the telephone conversations as part of the res gestae. Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." "A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous."[5]

Although Stewart was not a participant in the telephone conversations, "admissibility under OCGA § 24-3-3 does not depend on the speaker."[6] A declaration is admissible as part of the res gestae if it occurred contemporaneously with the act alleged and serves to elucidate the act or otherwise explain some aspect of it.[7] "Statements made by bystanders are admissible as part of the res gestae to throw light on an occurrence, but only if they are free from all suspicion of device or afterthought and are not merely the expression of opinions or conclusions."[8]

The telephone conversations here occurred contemporaneously with the seizure of the drugs and tended to indicate that the drugs had not been brought to the apartment by a casual guest, but belonged to someone who was receiving calls about them at the apartment.[9] And, even though Stewart was not charged with possession with intent to distribute, the conversations were relevant to show involvement in drug activity and to confirm Cailloutte's statement that Stewart was selling drugs.[10] The circumstances under which the conversations occurred were free from evidence of premeditation or fabrication on the part of the speakers.[11] We therefore conclude that, under these unique circumstances, the trial court's admission of the telephone conversations as part of the res gestae was not clearly erroneous.[12]

---

[5] (Punctuation omitted.) *Barrow v. State*, 269 Ga. App. 635, 639 (7) (605 SE2d 67) (2004).

[6] *Sidwell v. State*, 269 Ga. App. 38, 40 (2) (603 SE2d 467) (2004).

[7] See id.

[8] (Punctuation omitted.) *Orr v. State*, 281 Ga. 112, 113 (2) (636 SE2d 505) (2006).

[9] See *Ingram v. State*, 178 Ga. App. 292, 293-294 (2) (342 SE2d 765) (1986) (officer's testimony about telephone conversation with woman who called during execution of search warrant at suspected drug dealer's home admissible as part of res gestae); *Teems v. State*, 161 Ga. App. 339, 339-340 (1) (287 SE2d 774) (1982) (officer who answered telephone during execution of search warrant could testify to conversation with caller).

[10] See *Blaylock v. State*, 242 Ga. App. 195, 197 (529 SE2d 203) (2000).

[11] See *Espy v. State*, 246 Ga. App. 1, 2 (2) (539 SE2d 513) (2000); *Kitchens v. State*, 235 Ga. App. 349, 351 (1) (509 SE2d 391) (1998).

[12] See *Patel v. State*, 278 Ga. 403, 404-405 (2) (603 SE2d 237) (2004).

3. Stewart argues that his trial counsel was ineffective in failing to request a jury charge on accomplice testimony, as Cailloutte should have been considered an accomplice whose testimony required corroboration. In order to establish ineffective assistance of counsel, Stewart must show "that counsel's performance was deficient and that this deficient performance prejudiced his defense."[13] When a claim of ineffective assistance is based on the failure to request a jury charge, "the relevant inquiry is whether the charge, if it had been requested, was warranted by the evidence, and if it had been given, whether there is a reasonable probability that it would have changed the outcome of the trial."[14]

In this case, there is no evidence in the record that Cailloutte was an accomplice to the crime of possession of cocaine; even Stewart conceded that the only people he knew to have drugs in the apartment were the couple in the second bedroom, who he admitted had arrived with him.[15] And Cailloutte was never charged with a crime. Accordingly, even if trial counsel had requested a charge on accomplice testimony, it was not warranted by the evidence.[16] We thus affirm the trial court's finding that trial counsel's failure to request the charge did not constitute ineffective assistance of counsel.[17]

4. Stewart contends that, at sentencing, the trial court erred in allowing the State to mention his previous misdemeanor convictions and in questioning him about those convictions when the State did not admit certified copies of the convictions. Stewart did not object at the hearing to discussion of his previous convictions, thus waiving any arguments as to this evidence on appeal.[18]

5. Stewart claims that his sentence should be vacated because, as part of his sentence of eight years with eighteen months to serve, the trial court directed that he must serve the eighteen months in the Gwinnett County prison work camp. The State concedes, and we agree, that the trial court cannot require the Department of Corrections to place a convicted felon in a particular facility.[19] However, "language in the sentence purporting to designate a place of confinement is mere surplusage" and is not a defect that will render the

---

[13] (Punctuation omitted.) *Lott v. State*, 281 Ga. App. 373, 376 (4) (636 SE2d 102) (2006).

[14] (Punctuation omitted.) Id.

[15] See *Christian v. State*, 277 Ga. 775, 776 (1) (596 SE2d 6) (2004) ("Mere presence at the commission of a crime does not render the spectator an accomplice."); *Lamar v. State*, 137 Ga. App. 407 (1) (224 SE2d 69) (1976).

[16] See *Lamar*, supra.

[17] See *Turner v. State*, 245 Ga. App. 294, 298 (4) (g) (536 SE2d 814) (2000).

[18] See *Milton v. State*, 272 Ga. App. 908, 909 (3) (a) (614 SE2d 140) (2005).

[19] See OCGA § 42-5-51 (b), (d).

sentence void.[20] The trial court properly denied Stewart's motion for new trial on this ground.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 8, 2007.

*Jonathan D. Aurelia*, for appellant.

*Daniel J. Porter, District Attorney, Jeanette F. Shaw, Assistant District Attorney*, for appellee.

---

[20] (Punctuation omitted.) *Eubanks v. State*, 229 Ga. App. 667 (494 SE2d 564) (1997).